Hawkins, J.,
delivered the opinion of the Court.
Isham Johnson died about 1862, after having made and published his last Will and Testament, by which he appointed complainant and one Easley, his executors.
The Will was duly probated, and complainant alone, qualified. The second clause in the Will, is as follows:
“I will and bequeath to my beloved wife, Sallie *230 Johnson, the whole of my estate, both real and personal, choses in action, etc., for and during her natural life, to be by her freely possessed and enjoyed.”
The fourth clause is as follows:
“The balance of my property, money or other effects that may be on hand, at the death of my wife, I dispose of in the following manner: That is, I direct that my negro boy, Charles, and all the rest of my property, be sold to the highest bidder, on a credit of twelve months, and the proceeds disposed of as follows,” etc.
On the 27th Nov., 1865, Downing, the executor, filed this bill against Sallie Johnson, the widow of the testator, and various other parties, legatees and devisees under the Will, several of whom are minors.
The bill charges that the testator was possessed, at the time of his death, of some money, notes and accounts, amounting to $850, all of which the widow retained in her hands.
Some of the personalty belonging to the testator, was sold by the executor at the request of the widow, and the notes therefor amounting to about $900, was delivered to the widow, after the payment of burial expenses, which constituted the indebtedness of the estate.
Complainant alleges he has doubts about the true construction of said Will, and his duties and liabilities as executor, and desires the Will be construed, and he be directed as to his duties in the premises.
• Complainant charges that the widow is wasting the assets belonging to the estate; that she is collecting *231 the money due on the notes, and applying the same to her sole and separate use, and threatens to consume the whole, both principal and interest, which complainant alleges she has no right to do. That she is entitled only to the interest on the debts due the testator at the time of his death, and to the use of the property on bands; or on sale thereof, to the interest accruing on the principal of the sale; and if she is allowed to consume the principal it will defeat the interest of the remainder-men, and would involve the complainant in serious loss.
Complainant prays said notes be attached, and delivered to him, as executor. That an injunction issue restraining the widow from collecting any of said debts, and for general relief.
Mrs. Johnson, alone, answers the bill, and denies that she is wasting, or has wasted any 'of the funds bequeathed to her, and claims the personal estate absolutely; and denies that it is any business of the executor, if she spends the whole of it; and insists that she has a right, under the Will, to use both principal and interest.
No steps whatever, have been taken by or in ref-ference to the other defendants.
An attachment was granted by the fiat of the Chancellor, and by said fiat, the Chancellor directed that said notes, etc., be delivered to the complainant, upon his giving bond, etc.
Afterwards, upon motion, it was ordered that the widow be allowed to retain $75, andj that N. N. Cox, be appointed a receiver, to collect said notes.
*232 And the cause was referred to the Master, to ascertain, i
1st, What debts were owing- t-estator at the time of his death.
2d, Whether the sum has been paid.
3d, What articles of property belonged to testator at the time of his death.
4th, What portion of the same has been disposed of, by whom, and under what circumstrnces, and what has become of the same, etc.
5th, What increase, if any, by birth of stock, interest on notes, etc., since testator’s death, etc., etc.
The Master proceeded to take the accounts and make report thereof, which being unexcepted to, was confirmed. From which it appears, the sale by the executor amounted to $1,006.90. That the widow: retained personal property, of the value of $122.90. That the executor had disbursed the sum of $17.95. That the widow has used and appropriated $285.90. That $125.00, would be a reasonable allowance for the support of the widow, per annum. That the rent of the land is reasonably worth $75.00 per annum. That the services of the executor, are reasonably worth $150.00.
The Chancellor decreed that the wife of testator took jinder the Will, only an estate for life, in the use and enjoyment of the property, with no right or power to consume the corpus of said property; and at her death, what remained of the same, belonged. to the persons in remainder; and that the money, notes and accounts with interest on the same, at the time of the *233 death of the testator, and tbe real estate, and other property belonging to the testator, constituted the corpus or capital of said property.
The Chancellor further decreed, that the executor, in permitting the defendant, Sallie, to retain the use and possession of the money, notes, accounts, etc., acted rightfully, and discharged him from all liability on account of the same.
But, inasmuch as the defendant in her answer, claims to be the absolute owner of said property except the land, and had in the opinion of the Chancellor, made some imprudent ' threats about burning the notes, the Chanceller was of opinion that the persons in remainder, and the complainant, had a right to require of the defendant to give bond with good security in double the value of the personal property, conditioned not to waste or destroy said property, and to have the same forthcoming at her death, subject to the order of the Court, for the benefit' of those in remainder, decreed accordingly. Erom which the defendant has appealed to this Court.
What are the rights of the defendant, Sallie Johnson, under the Will of her husband V The answer to this question is: Just such as it was the intention of the testator to give her; for it is the-intention of the testator, which must control: and this is to be asertained by construing the whole Will, that is the different clauses of the Will, together. He was the owner of a small estate, which had been acquired by the joint industry and economy of the husband and the wife, the latter of whom in *234 1859, the date of the Will, was about' 70 years of age. By one clause of his Will he gave his entire estate, real and personal, to his wife for life, to be by her fully possessed and enjoyed. By the next clause, he directs that after the death of his wife, his lands be divided, and he gives one portion to one of his daughters, if living, but if she be dead, then to her children; and to another daughter, in the same manner, he gives the remaining portion of his land.
And by the fourth clause, he says: “The balance of my property, money or other effects, which may be on hand at the death of my wife, I dispose of in the following manner: That is, I direct that my negro boy, Charles, and all the rest of my property, be sold to the highest bidder, on a credit of twelve months, and the proceeds disposed of as follows,” etc. Now, in the first place, it will be observed the testator gives his entire estate, real and personal, to his wife, for life, to be by her freely possessed and enjoyed; and in the second place, it will be observed, the testator does not give an estate in remainder in any of his property, except the land, the proceeds of the boy, Charles, and the balance of his property which might be on hand at the death of his wife.
We think it was most clearly the intention of the testator to provide for the support and maintenance of his wife, out of his property, and to that end, gave her a life estate in it, and declared that it should be freely possessed and enjoyed by her; and, as if anticipating the corpus of a portion of it at least, must be consumed by his wife, in her support and maintenance in her *235 declining years, he only gives such balance as may be on hand at the death of his wife, in remainder. Therefore, Sallie Johnson, the defendant, is, under the Will of her deceased husband, entitled to the possession, use and enjoyment, during her life, of all the property belonging to her husband at the time of his death; and if her support and maintenance, in her discretion, require it, she may consume the corpus of the entire estate, except the land; and should there be any balance on hands at the death of the wife, it passes, under the Will, to the remainder-men.
We do not say, that, in. a proper case made out, that a Court of Chancery would not interfere to restrain a fraudulent and extravagant waste of the property given to Mrs. Johnson for her support during her life, in order to protect the interests of remainder-men; but no such case is made out in this record, as will authorize any such interposition.
The record, so far from showing that Mrs. Johnson has been wasteful or extravagant, shows that she is remarkably careful, industrious and economical.
The ground upon which the Chancellor bases his decree requiring her to give bond with security, in double the value of the estate, conditioned for the forthcoming of the corpus of the estate at her death, to-wit: “That she claimed in her answer that the estate was hers absolutely, and had made some imprudent remarks about destroying the property,” w§ think, when taken in connection with the facts of the case, are wholly insufficient to authorize the imposition of such a burthen. There is no proof that she ever set up an absolute ownership *236 over the ' property at any time, or under any circumstances, except through her answer to this bill; nor is there any proof showing that she intended or desired to dispose of the property in any manner, so as to defeat the rights or prejudice the interests of those entitled to the balance on hands at her death. Surely her remarks about burning or destroying of the notes, cannot be tortured even into a purpose on her part, to defeat the remainder-men. She was rightfully in possession of the notes, accounts, etc., .which her husband had given her by his Will, and of the notes given for the purchase money of property given her in like manner, for life, to which she rightfully looked for a support. When the complainant wrongfully demanded them of her, she refused to give them up; and, doubtless irritated, as she well may have been, by the injustice of the demand, said something about burning them rather than giving them up to the complainant, in obedience to his demand.
But what rights has the complainant in this litigation ? He seeks a construction of the Will and the direction of the Court, as to his duties. This much, perhaps, he had a right to ask of the Court, under a proper frame of the bill. No specific construction or direction is, however, asked for; but such, it does not seem to us, was the real object in the filing of this bill. By its frame it is apparent the real object of the executor was, to .abridge the rights of the widow of the testator, and in a proportionate degree to enlarge the interests of the remainder-men, and in the mean time to have the funds transferred to his own hands. The *237 remainder-men do not complain; but this complainant, to gratify an over-weening anxiety to litigate, files this bill against a sickly old woman, seventy-five years of age, and against the remainder-men, to protect the interests of the remainder-men, and thus seeks to charge funds in which he has no interest, with the expenses of this litigation, and enlarge the basis for allowances to himself as executor. The executor has no interest whatever in the question which forms the principal, if not the only, grounds of contest in this suit; for, it is wholly immaterial to him whether, under the Will, Mrs. Johnson has the right to consume the corpus of the estate, or only to the enjoyment of the use of the property; in neither case can he be made liable to the remainder-men, even though Mrs. Johnson should consume or waste the whole estate. But be this as it may, no decree can now be pronounced which will protect him; for, although he has formally made the remainder-men parties defendants to this bill, they have not answered; nor has any judgment pro confesso been taken against them; nor does it appear that they have been served with process, or had any notice whatever, of this suit. All this seems to have been lost sight of by the complainant, in his anxiety to deprive the widow of the testator of the enjoyment of her husband’s bounty, except as he may dole out the same to her, under the direction of the Chancellor, to be ascertained by the opinions of witnesses as to the amount necessary to her annual support. Such a course, in view of the facts of this case, we think, would be manifestly unjust, and totally defeat the intention of the testator. We do not *238 think the complainant is entitled to any relief whatever.
The fund will be restored to the defendant, Sallie Johnson; and, for the reasons before stated, the bill will be dismissed, and the complainant charged personally, with the costs of this unnecessary and vexatious litigation.