SELDON EUGENE JONES, CARL EVANS JONES and
WILMA ELIZABETH BROWN, Appellants,

*v.*

RICHARD PAUL JONES, Appellee.

462 S.W.2d 872.

(*Nashville,* December Term, 1970.)

Opinion filed January 18, 1971.

W. T. Goodall, Jr., Nathan Harsh, Gallatin, for appellants.

Thos. Boyers, IV, Harold Howser, Gallatin, for appellee.

Mr. Special Justice Erby L. Jenkins delivered the opinion of the Court.

The complainants, children of Seldon D. Jones, deceased, and grandchildren of R. M. Jones, deceased, filed their original bill on October 15, 1969, for the purpose of having the rights of all the parties determined in regard to a farm containing approximately eighty-one acres located in Sumner County, Tennessee, and to have said tract of land sold and the proceeds divided according to their respective rights.

The complainants allege that R. M. Jones died testate on January 13, 1959, seized and possessed in fee of the eighty-one acres of land.

The case calls for the construction of the last will and testament of the late R. M. Jones. The relevant provisions of the will are as follows:

"Item No. 2: I give, devise and bequeath to my wife, Dovie Jones, all my property including personal property and real estate *to do with as she sees fit during her life* or as long as she remains my widow. (emphasis added)

"Item No. 3: At the death of my wife, Dovie Jones, and after all of her just debts including her burial expenses are paid, I will, bequeath, and devise *the remainder* of my estate both real and personal to Charlie Jones, Seldon Jones, Bessie Jones Lane and Paul Jones or their heirs. (emphasis added)

"Item No. 4: If any of the children named herein were to die before the death of the said Dovie Jones, the sister and brothers would inherit their portion of said estate with the exception of the ones who have bodily heirs."

The complainants claim that Dovie Jones, the widow of R. M. Jones, under the provisions of the will owned only a life estate in the real estate and that she was powerless to convey the remainder interest and that on the death of Seldon Jones, a one-fourth undivided interest in the real estate passed to them under Item No. 4 of the testator's will, Seldon Jones having predeceased Dovie Jones who died on October 2, 1969.

The defendant contends that the testator's will, and particularly the words "to do with as she sees fit during her life" gave Dovie Jones an unlimited power of disposition so that she could convey an absolute fee under Tennessee Code Annotated 64-106.

The defendant demurred to the complainant's bill. After the demurrer was filed and after the defendant had filed his trial brief, the complainants sought leave to amend their bill. The Chancellor disallowed the amended bill, sustained the demurrer and dismissed the bill.

The complainants have perfected their appeal to this Court alleging as error (1) the Chancellor erred in disallowing the amended bill, and (2) the Chancellor erred in his finding that Dovie Jones was given an unlimited power of disposition under the terms of her husband's will.

As to the first issue as to whether the Chancellor erred in disallowing the amended bill, it has been repeatedly held that in such cases, the review here is limited to the question of whether the trial court has abused its judicial discretion in rejecting the amended bill. The complainants have presented no evidence of abuse of this discretion, and the record discloses no such abuse. Accordingly, the action of the Chancellor in not allowing the amended bill should not be disturbed on appeal.

The second issue as to whether under the terms of the will Dovie Jones had a power of disposition so that she could convey an absolute fee under Tennessee Code Annotated 64-106, calls for the construction of the will of the late R. M. Jones.

For the construction of a will of the nature of the case at Bar no hard and fast rule can be laid down for each case is a law unto itself. Many authorities have been examined and the prevailing view is that the court in such cases will keep an eye singled toward what was the meaning or desire of the testator at the time the will

was executed. That is the test, and if there are provisions in the will that tend to conflict, we must look to that provision which in our opinion more nearly conveys the testator's wishes and reconcile or disregard the conflicting portions. The primary intent must override the secondary one if either must fail.

This general subject is discussed at length in 31 A.L.R. 3rd 6 and 31 A.L.R.3rd 169. In these annotations, several Tennessee cases are cited, but none are directly in point except the case of *Redman v. Evans,* 184 Tenn. 404, 199 S.W.2d 115 (1947). This is the only Tennessee case found that interprets testamentary language similar to that here involved.

In *Redman,* the testatrix, after making several specific bequests, left the residue of her estate to her nephew *"to handle as he sees fit during his lifetime; and* the balance to go to his two daughters * * *." *Redman v. Evans,* supra, at 405, 199 S.W.2d at 116. The question before the Court was whether the language gave the life beneficiary the power to sell the property. The Court answered the question in the affirmative, saying: "We think it inescapable that it was the intention of the testatrix that this nephew might encroach upon the corpus (of the estate) at least to the extent of his needs * * *" *Redman v. Evans,* supra, 412, 199 S.W.2d 119. In discussing the difference between the terms "the remainder" and "the balance," the Court said, "We are unable to make any material distinction between the phrases 'the remainder' or 'what remains' and 'the balance.' "

While it is not controlling, it is quite significant that after the death of the testator, R. M. Jones, two of

the devisees under Item No. 3 of the will, Charlie Jones and Bessie Jones, joined with the widow, Dovie Jones, in the execution of a deed to a third devisee, Richard Paul Jones, the defendant in this case, the fourth devisee, Seldon D. Jones, having predeceased his mother, Dovie Jones.

This is indicative that those three devisees felt that in that locality and particularly in this case, "to do with as she sees fit" meant just that, and when she "saw fit" to sell to one of the devisees, that she was carrying out the wishes of the testator and was abiding by the provisions of the will. Of course, what the devisee, Seldon Jones, would have done is a matter of conjecture but not controlling. Had he lived and joined in the deed, this lawsuit would not be here.

This matter was discussed in *Baldwin v. Davidson,* 37 Tenn.App. 606, 267 S.W.2d 756, wherein the words "to be distributed as she shall see fit" were construed to give the devisee full power of disposal.

Under authorities hereinabove recited and especially on the basis of the authority of *Redman v. Evans,* supra, it is concluded that this will gave the life beneficiary, Dovie Jones, a power of disposition so that she could convey an absolute fee under Tennessee Code Annotated 64-106.

Accordingly, the judgment of the Chancellor should be affirmed.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and Mc-CANLESS, JUSTICES, concur.