Johnnie Lou **HOLLEY**, Appellant,

v.

Nana Lou Reeves **MARKS**, Appellee.

Supreme Court of Tennessee.

April 5, 1976.

862

Jack B. Henry, Pulaski, for appellant.

David E. Cheatham, Pulaski, for appellee.

OPINION

BROCK, Justice.

The plaintiff in this case, Johnnie Lou Holley, has a contingent remainder interest in the estate of Adlay Marks, who died on February 10, 1974. In his will, Marks left his entire estate to his wife, Nannie L. Marks, defendant, for her life, to be used "as she sees fit." Whatever remains at the death of Mrs. Marks is given by the will to Johnnie Lou Holley if she survive the life tenant. The only relief sought is that the plaintiff be allowed periodically to inspect the defendant's records to determine if she is exceeding her rights in the property by giving it away.

Testamentary gifts for the use of a life tenant "as he sees fit" have been construed as conveying a life estate with power to dispose of the corpus at least to the extent necessary to provide support and maintenance to the donee. *Redman v. Evans*, 184 Tenn. 404, 199 S.W.2d 115 (1947); *Jones v. Jones*, 225 Tenn. 12, 462 S.W.2d 872 (1971). But the donee does not have the right to make a gift of the property. *Black v. Pettigrew*, 38 Tenn.App. 1, 270 S.W.2d 196 (1953).

Even though a life tenant has been called a quasi trustee for the remaindermen, *Morrow v. Person*, 195 Tenn. 370, 259 S.W.2d 665 (1953), he has no duty to account for his use of the property. *Vaden v. Vaden*, 38 Tenn. 444 (1858). Security may be required, or in a proper case an equitable remedy may be granted, to prevent the life tenant from wrongfully defeating the remainder interest. *Henderson v. Vaulx*, 18 Tenn. 30 (1836). But the complainant who cannot demonstrate to the court's satisfaction that there is real danger of destruction of the estate is entitled to no relief. *Downing v. Johnson*, 45 Tenn. 229 (1867). In this record there is neither allegation nor proof that the defendant is dealing with the property in any manner not authorized by the will. Hence, no showing is made to justify the relief sought. The Chancellor was, therefore, correct in dismissing the complaint. Costs incurred in this Court will be borne by the plaintiff, Johnnie Lou Holley.

FONES, C. J., and COOPER and HARBISON, JJ., concur.

HENRY, J., not participating.