Mozelle EVANS, Individually and as Executrix of the Estate of Marvin Evans, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 82–5506.

United States Court of Appeals, Sixth Circuit.

Submitted June 14, 1983.

Decided Oct. 20, 1983.

H. Jack Holmes, Brown, Holmes & Rich, Jackson, Tenn., for plaintiff-appellant.

Curtis L. Muncy, U.S. Dept. of Justice, Tax Div., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Robert T. Duffy, John P. Griffin, Justice Dept., Tax Div., Washington, D.C., for defendant-appellee.

Before KEITH and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

The question presented on this appeal is whether the will of Marvin Evans, a resident of Crockett County, Tennessee, who died January 17, 1976, created an estate in his widow qualifying for the marital deduction permitted by the federal estate tax law. In a memorandum opinion unofficially reported at 50 A.F.T.R.2d paragraph 148,537, District Judge Harry W. Wellford (now a judge of this Court) held that the bequest did not qualify for the marital deduction. The widow, Mrs. Mozelle Evans, individually and as Executrix of the will of her husband, appeals. We affirm.

## I.

The controlling statute is 26 U.S.C. § 2056,[1] as it existed at the time of the death of the testator. Section 2056 was amended after the death of the decedent, but later amendments are not applicable to the present case.[2]

## II.

The will provides in pertinent part as follows:

## II.

I hereby give and bequeath all of my personal property to my wife, Mozell Evans. I do hereby direct and instruct my said wife to use a portion of said personal property in the event the same becomes necessary for the use and benefit of my daughter, Marie Manley. I trust my said wife and know that she will use her sound discretion in using any of said personal funds for the use and benefit of my said daughter. It is my intent by this clause to give to my wife, Mozell Evans, all of my personal property to use as she so desires and in the event any of said personal property remains after the death of my wife, Mozell Evans, I give and bequeath the same to my two grandchildren, Marvin Keith Evans and Jeffery Manley, to share and share alike.

## III.

I do hereby give and devise all of my real estate to my wife, Mozell Evans, for and during her natural lifetime to use as her own during her lifetime and upon the death of my wife, Mozell Evans, I give and devise all of my real estate to my two

\*    \*    \*    \*    \*    \*

1. **§ 2056. Bequests, etc., to surviving spouse**
   **(a) Allowance of marital deduction**
   For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
   **(b) Limitation in the case of life estate or other terminable interest**
   **(1) General rule**
   Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—
   (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse);
   and
   (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;
   and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

   **(5) Life estate with power of appointment in surviving spouse**
   In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—
   (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and
   (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.
   This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

2. See Tax Reform Act of 1976, Pub.L. No. 84–455, 90 Stat. 1520, Sec. 2002; Economic Recovery Act of 1981, Pub.L. No. 97–34, 95 Stat. 172, Sec. 403.

grandchildren, Marvin Keith Evans and Jeffery Manley, in equal shares and in fee simple.

Appellant claims a marital deduction in the personal property passing under Paragraph II of the will.

After the filing of a timely Estate Tax Return by the Executrix, the Internal Revenue Service conducted an audit and assessed additional estate taxes. Appellant filed a claim for refund in the amount of $30,098.44, representing that portion of the assessment resulting from the disallowance of the marital deduction. The claim for refund was denied. Appellant then filed this action for recovery of the claimed refund. The relevant facts were stipulated by the parties. Both parties filed motions for summary judgment. Judge Wellford entered summary judgment in favor of the Government.

### III.

■■■ Whether or not the bequest of personal property qualifies for a marital deduction is a federal question to be determined under federal law. *Morgan v. Commissioner,* 309 U.S. 78, 80, 60 S.Ct. 424, 425, 84 L.Ed. 585 (1940). However, the issue of exactly what kind of interest the widow received is to be determined under the law of Tennessee. *Estates of Semmes v. Commissioner,* 288 F.2d 664, 665 (6th Cir.1961); 26 C.F.R. § 20.2056(b)–5(e). Under Tennessee law, the cardinal rule in construing a will is that the intent of the testator must prevail over all other rules of construction except those founded upon public policy and the necessity of sustaining established principles of law. *Pritchard on Wills* § 387 (4th Ed.1983), and cases therein cited. We agree with the district court that under Tennessee law the record in the present case fails to establish that the testator intended to confer upon his widow an unlimited power of appointment in the property passing to her under Part II of his will. The intention must be determined from the whole will. *Burdick v. Gilpin,* 205 Tenn. 94, 104, 325 S.W.2d 547, 551 (1959); *First Nat. Bank of*

*Memphis v. Lewis,* 59 Tenn.App. 444, 441 S.W.2d 71 (1967).

Paragraph III of the will gives the wife only a life estate in real estate, with a remainder to two grandchildren.

Paragraph II, upon which the claim of the taxpayer in the present case is based, bequeaths personal property to appellant, but provides "I do hereby direct and instruct my said wife to use a portion of said personal property in the event the same becomes necessary for the use and benefit of my daughter, Marie Manley". (The record discloses that Marie Manley predeceased the testator, but under Tennessee law a will is construed as if executed immediately prior to the death of a testator. TCA § 32–301; *Bell v. Shannon,* 212 Tenn. 28, 40, 367 S.W.2d 761 (1963). It is significant that the will remained unchanged for almost three years after the death of the daughter; the testator could have rewritten his will or added a codicil thereto, if he had desired to do so).

Aside from the testator's direction that his personal property be used as necessary for the support of his daughter, the widow received the personal property "to use as she desires", with the remainder over to two grandchildren.

In *Jones v. McMurrey,* 25 Tenn.App. 47, 49, 150 S.W.2d 713, 714 (1941), the testator devised all his property to his wife "to be used as she sees fit, as long as she lives" with the property at her death to go to four named legatees. The Tennessee Court of Appeals held that the wife took a life estate coupled with power to dispose of the property only if she might find it necessary for her personal use. The court ruled that this power did not enlarge the title into a fee simple estate.

In *Holly v. Marks,* 535 S.W.2d 861 (Tenn. 1976), the testator left his entire estate to his wife to be used "as she sees fit" and directed that whatever remained at her death would be given to a named beneficiary. The Supreme Court of Tennessee wrote:

Testamentary gifts for the use of a life tenant "as he sees fit" have been con-

strued as conveying a life estate with power to dispose of the corpus at least to the extent necessary to provide support and maintenance to the donee. *Redman v. Evans,* 184 Tenn. 404, 199 S.W.2d 115 (1947); *Jones v. Jones,* 225 Tenn. 12, 462 S.W.2d 872 (1971). But the donee does not have the right to make a gift of the property. *Black v. Pettigrew,* 38 Tenn. App. 1, 270 S.W.2d 196 (1953).

535 S.W.2d at 862.

To like effect see *Skovron v. Third National Bank in Nashville,* 509 S.W.2d 497 (Tenn.App.1973). *Jones v. Jones,* 225 Tenn. 12, 462 S.W.2d 872 (1971), relied upon by appellant, is distinguishable. The testator in that case left his entire estate to his wife "to do with as she sees fit during her life, or so long as she remains my widow." *Id.* at 873. The will provided that at the death of the wife, the remainder was devised to four named remaindermen. Two of the remaindermen joined with the widow in conveying land by deed to a third remainderman. The fourth remainderman predeceased the widow. The Court held that the widow had a power to sell pursuant to TCA § 64–106 (Now TCA § 66–1–106). *Id.* at 874. It may be that the widow in the present case could have conveyed the personal property bequeathed to her by Item II of her husband's will, in order to provide her with necessary support and living expenses. She did not have the power, however, to dispose of the property by will or to make a gift of it. See *Holly v. Marks, supra* 535 S.W.2d at 862. More recent Tennessee decisions give effect to an executory devise or remainder over, even though the holder of the life estate had unlimited power of use, consumption or disposition. *Pritchard, supra* § 432 and cases cited therein. Judge Wellford was correct in holding that appellant did not receive under her husband's will an unlimited power to appoint the entire estate in the personal property to herself or to her estate.

The requisites that must be satisfied to qualify for the marital deduction under the statute in effect at the death of the testator were enumerated in the Treasury Regulations, 26 C.F.R. § 20.2056(b)–5 as follows:

Treasury Regulations on Estate Tax (1954 Code) (26 C.F.R.):

§ 20.2056(b)–5 *Marital deduction; life estate with power of appointment in surviving spouse.*

(a) *In general.* Section 2056(b)(5) provides that if an interest in property passes from the decedent to his surviving spouse (whether or not in trust) and the spouse is entitled for life to all the income from the entire interest or all the income from a specific portion of the entire interest, with a power in her to appoint the entire interest or the specific portion, the interest which passes to her is a deductible interest, to the extent that it satisfies all five of the conditions set forth below (see paragraph (b) of this section if one or more of the conditions is satisfied as to only a portion of the interest):

(1) The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

(2) The income payable to the surviving spouse must be payable annually or at more frequent intervals.

(3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate.

(4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events.

(5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse.

\*     \*     \*     \*     \*     \*

(e) *Application of local law.* In determining whether or not the conditions set forth in paragraph (a)(1) through (5) of this section are satisfied

by the instrument of transfer, regard is to be had to the applicable provisions of the law of the jurisdiction under which the interest passes and, if the transfer is in trust, the applicable provisions of the law governing the administration of the trust. For example, silence of a trust instrument as to the frequency of payment will not be regarded as a failure to satisfy the condition set forth in paragraph (a)(2) of this section that income must be payable to the surviving spouse annually or more frequently unless the applicable law permits payment to be made less frequently than annually. The principles outlined in this paragraph and paragraphs (f) and (g) of this section which are applied in determining whether transfers in trust meet such conditions are equally applicable in ascertaining whether, in the case of interests not in trust, the surviving spouse has the equivalent in rights over income and over the property.

\*     \*     \*     \*     \*     \*

(g) *Power of appointment in surviving spouse.* (1) The conditions set forth in paragraph (a)(3) and (4) of this section, that is, that the surviving spouse must have a power of appointment exercisable in favor of herself or her estate and exercisable alone and in all events are not met unless the power of the surviving spouse to appoint the entire interest or a specific portion of it falls within one of the following categories:

(i) A power so to appoint fully exercisable in her own favor at any time following the decedent's death (as, for example, an unlimited power to invade; . . . ."

The judgment of the district court is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.