ESTATE OF EDITH L. BEVAN, DECEASED, W. KEITH McCORD, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Bevan v. Commissioner
Docket No. 1709-87.
United States Tax Court
T.C. Memo 1989-256; 1989 Tax Ct. Memo LEXIS 256; 57 T.C.M. (CCH) 528; T.C.M. (RIA) 89256; May 25, 1989. *256 The decedent's will created a split-interest trust, the beneficiaries being the decedent's grandnephew and the Holston Home for Children, a charitable organization. The will gave the trustee discretionary power to invade the corpus on behalf of the grandnephew. The estate's Federal estate tax return was due on or before September 26, 1983. P filed the return on March 19, 1984. P concedes that the split-interest trust fails to meet the requirements of section 2055(e)(2), I.R.C. P failed to reform the trust provisions of the will, as permitted under section 2055(e)(3), I.R.C.
Held, the estate's claimed charitable deduction is denied. Held further, P filed the necessary estate tax return late and has failed to establish that such filing was due to reasonable cause. Therefore, P is liable for the late filing addition under section 6651(a)(1), I.R.C.
W. Keith McCord and Lawrence H. Bidwell, IV, for the petitioner. *259 Edsel Ford Holman, Jr., for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined a $ 47,104.27 deficiency in petitioner's 1982 Federal estate tax and a $ 11,776.06 addition to estate tax under section 6651(a)(1). (Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect insofar as this case is concerned. All Rule references are to the Tax Court Rules of Practice and Procedure.) Concessions having been made, the issues for decision are (1) whether a bequest in the form of a split-interest trust created in the decedent's will satisfies the requirements for the charitable deduction under section 2055(e)(2); and (2) whether petitioner is liable for the late filing addition to estate tax under section 6651(a)(1). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The decedent, Edith L. Bevan, died testate on December 26, 1982, while a domiciliary of Tennessee. W. Keith McCord became the executor of the estate under letters testamentary *260 granted on January 26, 1983, by the Probate Court of Knox County, Tennessee. Article IV of decedent's will created a split-interest trust naming the decedent's grandnephew, James Freeman, and the Holston Home for Children as beneficiaries. The relevant portions of Article IV of the will provide: A. My Trustee shall pay so much of the income and principal, or both, as he deems appropriate, in his sole discretion, to James Freeman and Holston Home for Children provided that my Trustee is directed to distribute not less than fifty (50%) percent of the current income to the Holston Home for Children, not less than annually. B. Upon the event that James Freeman attains the age of thirty (30) years, then my Trustee is directed to terminate this trust and to distribute one-half of the corpus and accumulated income each to James Freeman and the Holston Home for Children. The relevant portion of Article IX of the will provides: T. The Trustee shall have the power to invade the corpus and distribute same to any beneficiary hereunder if the Trustee, in his sole discretion, deems such invasion necessary for the benefit of said beneficiary. The Federal estate tax return for the estate *261 was due on September 26, 1983. Petitioner filed a return on March 19, 1984, reporting a gross estate of $ 413,904.46 and claiming a charitable deduction of $ 187,727.70. The charitable deduction represented the amount which petitioner claimed as the Holston Home for Children's charitable remainder in the split-interest trust. OPINION The initial issue raised is whether the terms of the split-interest trust violate section 2055(e)(2) and act to bar the charitable deduction of $ 187,727.70. We first turn to the relevant statutory framework. Section 2055(a)(2) generally permits the deduction of charitable bequests. Respondent does not dispute that the Holston Home for Children is a qualified charity under section 2055(a)(2). However, section 2055(e) disallows deductions in specified cases. The pertinent part of section 2055(e)(2) states: no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) [qualifying organizations] unless -- (A) in the case of a remainder interest, such interest is *262 in a trust which is a charitable remainder annuity trust or a charitable remainder unitrust (described in section 664) or a pooled income fund (described in section 642(c)(5)), or (B) in the case of any other interest, such interest is in the form of a guaranteed annuity or is a fixed percentage distributed yearly of the fair market value of the property (to be determined yearly). Petitioner concedes on brief that the split-interest trust does not fit within the limitations of section 2055(e)(2). Although the trust does not fit within the boundaries of section 2055(e)(2), section 2055(e)(3) provides that a trust generally may be reformed so as to allow the deduction of a charitable bequest. However, section 2055(e)(3)(C)(iii) restricts the period within which reform may be commenced. Petitioner has stipulated that the deadline for commencing reform was October 16, 1984. That deadline has passed and petitioner can no longer reform the will provisions to satisfy the Federal estate tax requirements of section 2055(e)(2). Cf. Oetting v. United States,712 F.2d 358, 360 (8th Cir. 1983) *263 (allowing reformation where local court had severed charitable trust prior to estate's claiming charitable deduction). While petitioner recognizes that the split-interest trust does not meet the requirements of section 2055(e)(2) and the opportunity for statutory reform has passed, petitioner nonetheless argues that Tennessee law requires judicial reform of trust instruments so that testators' intentions are followed and charitable bequests are sustained. Petitioner is in effect arguing that the payment of estate tax would reduce the amount available for the Holston Home for Children and thus defeat the testator's intent. To determine Federal estate tax consequences, we do not look beyond the four corners of the trust instrument in an attempt to discern a testator's intent when the meaning of the relevant trust provision is self-evident. The trustee was given the power in paragraph T, Article IX of the will "to invade the corpus and distribute same to any beneficiary." The trustee retained the power to distribute all of the corpus to the noncharitable beneficiary. To sustain the charitable *264 bequest, petitioner is urging us to disregard or interpret this language so that the invasion power does not violate section 2055(e)(2). Such action, tantamount in its effect to reforming the trust provisions, would require us to ignore the reformation provisions specifically contemplated by Congress in section 2055(e)(3). See also section 20.2055-2, Estate Tax Regs. We refrain from so doing. See Knapp v. Commissioner,90 T.C. 430, 440 (1988), affd. 867 F.2d 749 (2d Cir. 1989). We further note that the cases cited by petitioner are inapplicable to the facts of this case. The cited cases look to state law to determine property interests where a trust instrument is ambiguous. In the case before us, the trustee's power to invade the corpus on behalf of the noncharitable beneficiary is unambiguous. Consequently, there is no occasion to look to Tennessee law. See Evans v. United States,719 F.2d 201, 203 (6th Cir. 1983); Huggins v. United States,684 F.2d 417, 418-420 (6th Cir. 1982). Section 2055(e)(3) provided the executor with the opportunity to reform the split-interest trust, and he failed to do so within *265 the allotted time. See Estate of Edgar v. Commissioner,74 T.C. 983 (1980), affd. without published opinion 676 F.2d 685 (3d Cir. 1982). Next, we turn to the second issue raised which is the late filing addition to tax under section 6651(a)(1). For decedents dying in 1982 sections 6018 and 6075 generally provided that a Federal estate tax return had to be filed within nine months of a decedent's death if the decedent's gross estate exceeded $ 225,000. Section 6651(a)(1) provides for an addition to tax for late filing. The decedent died on December 26, 1982, and the gross estate of $ 413,904.46 exceeded $ 225,000. A Federal estate tax return should have been filed by September 26, 1983. However, the return was not filed until March 19, 1984. The late filing addition of section 6651(a)(1) is not automatic and it can be avoided if it is shown that late filing was due to reasonable cause and not due to willful neglect. United States v. Boyle,469 U.S. 241 (1985). *266 The executor, an attorney, asserts that (1) he was mired in complex litigation, extraneous to this case, which deflected his attention away from Federal estate taxes; (2) he had delegated the responsibility for filing the return to an associate within his law firm; and (3) he thought there was no estate tax due from the decedent's estate, so a return did not have to be filed. All three of these arguments are unpersuasive. The Supreme Court held in United States v. Boyle, supra at 249, that the executor of an estate ultimately bears the burden of filing the necessary estate tax return within the specified period. Neither the fact that the executor, an attorney, was mired in complex litigation nor that he had delegated the filing duty to an associate relieved him of his duty. Finally, ignorance of the law does not constitute reasonable cause which would mitigate the executor's late filing. Under section 6018 the executor had a duty to file the return even if no estate tax had been due because the gross estate exceeded $ 225,000. The executor's misplaced assumption to the *267 contrary does not exculpate petitioner from the late filing addition under section 6651(a)(1). Decision will be entered under Rule 155.