**In re the Last WILL and Testament OF Leona B. BYBEE.**

**William V. BYBEE, Jr., Plaintiff–Appellee,**

v.

**Lucinda WESTRICK, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 14, 1994.

Permission to Appeal Denied by Supreme Court April 3, 1995.

Robert N. Goddard, Goddard & Gamble, Maryville, for plaintiff-appellee.

Martha S.L. Black, Kizer & Black, and L. Lee Kull, Bird, Navratil, Kull & McCroskey, Maryville, for defendant-appellant.

*OPINION*

FRANKS, Judge.

In this action to construe the Will of Leona B. Bybee, the Trial Court determined it was the intention of the testatrix "that in order for her children to take under Item 2 of her Will, that the children must survive her, and when Wanda B. Deadman predeceased the testatrix, all rights to take under the Will were terminated as to the issue of Wanda B. Deadman, the anti-lapse statute, T.C.A. § 32–3–105 notwithstanding."[1]

At the time the testatrix executed her Will on March 30, 1990, both of her children, Wanda Lee Deadman and William V. Bybee, Jr., were living, and Wanda had one daughter, Lucinda Westrick.

The Will was typed on stationery from a law office in Miami, Florida, and Item 2 is the focal point of the dispute and reads as follows:

> **ITEM II.** I give to my dear children WANDA LEE DEADMAN & WILLIAM V. BYBEE, JR., if they survive me, all of my personal property which I may own at the time of my death to share and share alike of whatsoever nature and wherever situated, whether real, personal, and/or mixed. In the event that both of my said children predecease me, or in the event we should die in or as a result of a common accident or disaster, all of my personal property which I may own at the time of my death, or whatever nature and wherever situate, whether real, personal and/or mixed, shall be given to _____.

In the blank space provided, the handwritten words "Wanda B. Deadman or William V. Bybee" appear.

The next paragraph of the Will appoints Wanda as the estate's personal representative, and William as the successor representative. The remainder of the provisions pertain to the payment of debts, taxes, disposition of the remains, and the various powers of the personal representative. Immediately below the testatrix's signature on the second page of the Will is a handwritten specific bequest of $10,000.00 to Lucinda L. Westrick, along with the date and another signature, apparently by the testatrix.

On January 4, 1993, Wanda Deadman died, and sometime later that year the testatrix moved to Tennessee. On December 23, 1993, the testatrix died and William probated the Will and qualified as the personal representative of the Estate. He then filed this action in his representative capacity, requesting an interpretation of Item II.

■ The cases have repeatedly stated that the intent of the testatrix must prevail. *First American National Bank v. DeWitt,* 511 S.W.2d 698 (Tenn.App.1972). Where a testatrix expresses a controlling or predominant purpose, it is the duty of the Court to effectuate that purpose and construe all subsidiary clauses so as to bring them into subordination of that purpose. *Moore v. Neely,* 212 Tenn. 496, 370 S.W.2d 537 (1963). Moreover, a general intent will prevail over a secondary or particular intent. *Jones v. Jones,* 225 Tenn. 12, 462 S.W.2d 872 (1971).

■ Item II contains the only provision relative to the testatrix's testamentary intent with respect to the disposition of the residue of her estate. The language presents a patent ambiguity, i.e., an ambiguity which results from the insufficiency of the language used by the testatrix in the Will itself.

It provides for equal division of the estate between the testatrix's children "if they survive me." A strict construction of this phrase constitutes a condition precedent that both children survive the testatrix in order for them to take under the Will. The second sentence provides that if both children predecease the testatrix or they die together in or as a result of a common disaster, Wanda "or" William take under the Will. This provision makes no sense if the disjunctive "or" is permitted its usual and ordinary meaning.

1. **32–3–105. Death of devisee of legatee before death of testator.**—Whenever the devisee or legatee or any member of a class to which an immediate devise or bequest is made, dies before the testator, or is dead at the making of the will, leaving issue which survives the testator, the issue shall take the estate or interest devised or bequeathed which the devisee or legatee or the member of the class, as the case may be, would have taken, had he survived the testator, unless a different disposition thereof is made or required by the will.

It gives no guidance pursuant to the use of the word "or" as to which of the two children's estates would take. In order to give these words any meaning or effect, we must assume that the testatrix intended to write "Wanda B. [sic] Deadman and William V. Bybee". There is no provision in the Will disposing of the residuary in the event that only one child should survive the testatrix, which is what occurred. In this connection see *Jones v. Donelson*, 37 Tenn.App. 467, 264 S.W.2d 828 (1953).

Neither condition which was expressed in the Will obtained at the time of testatrix's death. However, in *Ledbetter v. Ledbetter*, 188 Tenn. 44, 216 S.W.2d 718 (1949) the Supreme Court said: "The law presumes that one who undertakes to make a Will does not intend to die intestate, 'and the Courts will place such a construction upon the instrument as to embrace all the testator's property, if the words used, by any fair interpretation or allowable implication would embrace it." (Quoting from *Sizers Pritchard on Wills* § 386).

It is clear from Item II that the testatrix intended to dispose of her entire residuary estate, and it is also clear that if her children survived her, she intended for them to have all of her property, share and share alike. Further, it is clear that she intended for her property to go to her children's estate if they both predeceased her. We noted earlier the testatrix must have intended to write "and" instead of "or" in the second sentence, otherwise the provision would fail.

These provisions taken together demonstrate that the testatrix intended for both of her children to share equally in her estate, whether they were alive or dead at the time of her demise. There is no language in the document from which it can be fairly inferred or implied that she intended to disinherit a predeceasing child in favor of a surviving child. Accordingly, we conclude that the testatrix did not intend to create a condition precedent to her children's right to take under the Will.

The executor argues that the first sentence of Item II constitutes a condition precedent to taking under the Will, and that this Court should interpret the phrase "if they survive me" to mean "if they survive me, or the survivor of them survives me". He cites *Muzzall v. Lanford*, 776 S.W.2d 122 (Tenn. App.1989) as authority for his position. *Muzzall* is inapposite. The phrase "or the survivor of them" actually appeared in the Will in that case, and the Court was interpreting the phrase in the context of the provision wherein it appeared. In this case, the language William is arguing for is simply not there, nor does the actual testamentary language imply such an interpretation.

Accordingly, we conclude that Wanda's right to take did not terminate upon her death, and the anti-lapse statute applies, and Ms. Westrick takes her mother's share as a surviving issue.[2]

The judgment of the Trial Court is reversed and the cause remanded for entry of a judgment consistent with this Opinion, with the costs of the appeal assessed to the Estate.

CLIFFORD E. SANDERS, Senior Judge, concurs.

SUSANO, J., dissents.

---

2. The fact that the testatrix made a handwritten bequest to the granddaughter in the amount of $10,000.00 does not shed any light on the testatrix's intent as expressed in Paragraph II. Both of testatrix's children were living at the time the Will was executed, as well as the granddaughter, and this is merely an additional bequest, taking into account the conditions existing at the time the Will was executed.