T.C. Memo. 1998-459


UNITED STATES TAX COURT


M. MAUREEN POLSBY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22742-96.                    Filed December 30, 1998.


M. Maureen Polsby, pro se.

Lindsey D. Stellwagen, for respondent.


MEMORANDUM OPINION


DAWSON, Judge:  This case was assigned to Special Trial
Judge John J. Pajak pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the year in issue.
All Rule references are to the Tax Court Rules of Practice and

Procedure. The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $9,345 and an addition to tax under section 6651(a)(1) in the amount of $2,373.

The issues for decision are: (1) Whether petitioner is entitled to Schedule C deductions, (2) whether petitioner is entitled to charitable contribution deductions, and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file a return.

Some of the facts have been stipulated and are so found. Petitioner resided in Washington, D.C., at the time the petition was filed.

During 1992, petitioner was a self-employed medical doctor with a specialty in neurology. Petitioner operated her medical practice in her home office. Petitioner's home office occupied one-third of her house. Also during 1992, petitioner reviewed disability claims for the Social Security Administration (SSA) as a consultant. Petitioner was required to review the disability claims on SSA's premises located in Baltimore, Maryland. The majority of petitioner's gross income for 1992 resulted from her

activity as a consultant for the SSA.  She saw a few patients in her home office.

On Schedule C, Profit or Loss From Business, petitioner reported gross income from her medical practice and consulting work for the SSA in the total amount of $49,724, and claimed the following deductions:

| | |
|---|---|
| Car and truck expenses | $7,011 |
| Depreciation and section 179 expense deduction | 3,264 |
| Insurance | 127 |
| Mortgage interest | 258 |
| Office expense | 5,800 |
| Repairs and maintenance | 6,278 |
| Taxes and licenses | 809 |
| Travel, meals, and entertainment | |
|     Travel | 5,618 |
|     Meals and entertainment | 826 |
| Utilities | 1,289 |
| Other expenses | |
|     Business meetings | 6,237 |
|     Secretarial | 3,919 |
|     Medical books | 817 |
|     Dues | 1,722 |
|     Conferences | 485 |
|     Telephone | 550 |
|     Security system | 712 |
|   Total | $45,722 |

In the notice of deficiency, respondent disallowed the claimed $45,722 in Schedule C deductions, adjusted petitioner's self-employment tax and its corresponding deduction, adjusted petitioner's Schedule A deductions due to the adjustment to her adjusted gross income, and determined that petitioner is liable

for an addition to tax under section 6651(a)(1). Basically, this is a substantiation case.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). A taxpayer must keep sufficient records to establish the amount of the deductions. Sec. 6001.

When a taxpayer fails to keep records, but a court is convinced that deductible expenditures were incurred, the court may make an approximation, bearing heavily upon the taxpayer "whose inexactitude is of [her] own making." Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). We cannot estimate deductible expenses, however, unless the taxpayer presents evidence sufficient to provide some rational basis upon which estimates may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Nor may a Cohan estimate be made of expenses that are subject to the substantiation requirements of section 274(d).

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Whether an expenditure is ordinary and necessary is a question of fact. Commissioner v.

Heininger, 320 U.S. 467, 475 (1943).  However, no deduction shall be allowed for personal, living, or family expenses.  Sec. 262.

Section 274(d) imposes stringent substantiation requirements for the deduction of travel expenses (including meals and lodging while away from home), entertainment expenses, gift expenses, and expenses of certain listed property defined under section 280F(d)(4) such as an automobile.  Taxpayers must substantiate by adequate records certain items in order to claim deductions, such as the amount and place of each separate expenditure, the property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use.  Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence which, in combination, are sufficient to establish each element of expenditure or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

If an expense item comes within the requirements of section 274(d), this Court cannot rely on Cohan v. Commissioner, supra, to estimate the taxpayer's expenses with respect to that item. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner contends that she incurred car and truck expenses as the result of her commutes to the SSA located in Baltimore, Maryland. At trial, petitioner estimated that she made 156 trips in 1992, averaging three or four trips a week. Using the 1992 standard mileage rate of 28 cents, we calculated that petitioner purportedly traveled about 25,039 miles ($7,011 ÷ 28 cents).

After a review of the record, we find that the record lacks any documentary evidence to support petitioner's claimed car and truck expenses. Petitioner failed to maintain adequate records such as a diary, log book, or trip sheets to evidence the distances she purportedly traveled in furtherance of her medical practice. Indeed, petitioner admitted that she "didn't keep a log" of her trips to Baltimore. Under the strict substantiation rules of section 274(d), we hold that petitioner is not entitled to deduct car and truck expenses for 1992.

With respect to insurance, mortgage interest, office expense, repairs and maintenance, travel, utilities, secretarial, medical books, dues, conferences, and security system, petitioner introduced into evidence copies of receipts, invoices, billing statements, and estimate worksheets in support of her claimed deductions. On this record, the Court believes that petitioner was seeking to deduct many expenses that are personal, living, or family expenses which are nondeductible under section 262.

Nevertheless, we allow petitioner to deduct the following rounded amounts:

| | |
|---|---:|
| Insurance | $127 |
| Mortgage interest | 258 |
| Office expense | 127 |
| Repairs and maintenance | 355 |
| Travel | 813 |
| Utilities | 596 |
| Other expenses | |
| Secretarial | 3,919 |
| Medical books | 615 |
| Dues | 737 |
| Conferences | 485 |
| Security system | 84 |
| Total | $8,116 |

With respect to petitioner's claimed deductions for depreciation and section 179 expense, taxes and licenses, meals and entertainment, business meetings, and telephone, the record does not establish that such expenses were incurred or were ordinary and necessary business expenses. No credible documentary evidence was introduced to support any of these claimed deductions. Further, petitioner's testimony regarding these deductions was vague, uncertain, and untenable. On several occasions, petitioner admitted that she was unsure of the amounts of some of these claimed deductions and that she basically relied on her accountant to determine the amounts of her expenses. We have stated on many occasions that this Court is not bound to accept petitioner's self-serving, unverified, and undocumented testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986);

Hradesky v. Commissioner, 65 T.C. 87 (1975).  Thus, we hold that petitioner is not entitled to these claimed deductions.

Section 170(a) allows a taxpayer to deduct charitable contributions made during the taxable year.  A charitable contribution is a contribution or gift for the use of an organization described in section 170(c).  Section 1.170A-13(a)(1), Income Tax Regs., provides that a taxpayer making a charitable contribution of money must maintain for each contribution the following:

> (i) A cancelled check.

> (ii) A receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution.  A letter or other communication from the donee charitable organization acknowledging receipt of a contribution and showing the date and amount of the contribution constitutes a receipt * * * .
> (iii) In the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.

The reliability of the written records is to be determined on the basis of all the facts and circumstances of a particular case.  Sec. 1.170A-13(a)(2), Income Tax Regs.  Factors indicating that the written records are reliable include the contemporaneous nature of the writing and the regularity of the taxpayer's recordkeeping procedures.  Sec. 1.170A-13(a)(2), Income Tax Regs.

Petitioner contends that she is entitled to a charitable contribution deduction in the amount of $2,366 (a carryover of

excess charitable contribution deduction from 1991 of $1,921 plus $445 in cash contributions made in 1992).  Although petitioner listed separately the carryover of excess charitable contribution from 1991 and the cash contributions on her Schedule A under Gifts to Charity, for some unexplained reason petitioner did not claim them as a charitable contribution deduction.  At trial, petitioner stated that she is entitled to these deductions and an additional charitable contribution deduction for "possessions", including furniture, that she donated to Goodwill in 1992.

With respect to petitioner's contention that she is entitled to deduct the carryover charitable contribution from 1991, the $445 in cash contributions, and the additional contributions for "possessions" she donated to Goodwill, the record does not support her claims.  The record does not contain any evidence to establish that she was entitled to a charitable contribution deduction carryover.  In fact, in direct conflict with the reference to a charitable contribution deduction carryover on her Schedule A, petitioner testified that although she did not exactly remember, she believed that "this $2366, is what was in my check register or slips I had."  The record does not contain any reliable written records which show the names of donees, the dates of petitioner's alleged contributions, and the amounts that petitioner purportedly donated.  Sec. 1.170A-13(a)(1), Income Tax Regs.  We are not required to accept petitioner's testimony as

gospel.  <u>Tokarski v. Commissioner</u>, <u>supra</u>.  On this record, we hold that petitioner is not entitled to a charitable contribution deduction.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on time.  The addition is 5 percent for each month that the return is late, not to exceed 25 percent.  In order to avoid the addition to tax under section 6651(a)(1), a taxpayer must show both reasonable cause and a lack of willful neglect.  <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).  A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file his return within the time prescribed by law.  <u>United States v. Boyle</u>, <u>supra</u> at 246.  The term 'willful neglect' implies a conscious, intentional failure to file or reckless indifference to the obligation to file.  <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner filed her 1992 Federal income tax return on July 5, 1994.  Petitioner contends that her failure to timely file her 1992 return was due to "the overwhelming nature of what has been going on in her life."  Petitioner asks the Court to take into account her personal and professional circumstance, e.g., the fact that she is a physician in solo practice, that her medical career is in a state of turmoil, and that she was involved in other litigation.

We do not find that such circumstances constitute reasonable cause which would justify petitioner's failure to timely file her 1992 return.  Cf. <u>Estate of Bevan v. Commissioner</u>, T.C. Memo. 1989-256.  On this record, we conclude that petitioner failed to demonstrate that she exercised ordinary business care and prudence.  There is no evidence in the record that petitioner took any measures to ensure that her 1992 return would be timely filed.  Accordingly, we sustain respondent on this issue.

To the extent our findings above affect petitioner's self-employment tax and its corresponding deduction, and the Schedule A deductions, the parties shall address this in their Rule 155 computations.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.