Loretta Sutton OGLE and Fred Loveday,
Plaintiffs–Appellees,

v.

Bobby OGLE, Betty Jo Ogle and Bonnie
Ogle Reagan, Defendants–Appellants.

Supreme Court of Tennessee.

June 27, 1994.

Brent R. Watson, Knoxville, for plaintiffs-appellees.

Jerry K. Galyon, Sevierville, for defendants-appellants.

## OPINION

REID, Chief Justice.

This case presents for review the construction of the residuary clause of the last will and testament of General Ogle, who died a resident of Sevier County in March 1984. The trial court construed the will to devise to his widow a life estate in real property. The Court of Appeals reversed. The judgment of the trial court is found to be correct.

The facts in this case are not disputed.[1] The will provided for payment of debts and funeral expenses and then provided in pertinent part:

> I hereby leave, bequeath and devise the remainder of my estate, including real property and personal or mixed property, to my wife, Loretta Sutton Ogle, *for her lifetime and at her death the remainder, if any at that time,* to be divided equally among my three (3) children, Bobby Ogle, Bonnie Ogle Reagan and Betty Jo Ogle. Said children to share and share alike. (Emphasis added).

At the time of his death, the testator was married to plaintiff Loretta Ogle. After the testator's death, she executed a warranty deed purporting to convey a fee simple interest in the residence, which had been owned by the testator at the time of his death, to plaintiff Fred Loveday, Loretta Ogle's son by a prior marriage. Ogle and Loveday then instituted this declaratory judgment proceeding, T.C.A. § 29–14–101 *et seq.,* against the other persons named in the will, Bobby Ogle, Betty Jo Ogle, and Bonnie Ogle Reagan, who are the children of the testator by a prior marriage, seeking a declaration that Ogle

---

1. In reviewing this case, the Court has taken note of counsels' failure to comply with Tenn.R.App.P. 28(g) requiring citations to the record. There is not a single reference to the record in the briefs filed in this case. Counsel are reminded that compliance with the Rules of Appellate Procedure is not optional.

had acquired under the will a life estate in the real property coupled with an unlimited power of disposition, whereby Ogle could convey the property in fee simple. Defendants answered, admitting that the will gave the widow a life estate, but denying that she obtained the right to convey the fee, and prayed that the warranty deed from Ogle to Loveday be set aside.

The trial court found in favor of the remainder beneficiaries, declaring that the widow took a life estate only. The Court of Appeals reversed, holding that the deed transferred to Loveday a fee simple interest in the residence.

T.C.A. § 66–1–106 provides in pertinent part:

When the unlimited power of disposition, qualified or unqualified, ... is given expressly, in any written instrument, to the owner of any particular estate for life or years, ... such estate is changed into a fee absolute as to right of disposition, ....

Pursuant to this statute, the owner of a life estate with an unlimited power of disposition can convey the fee simple estate, and, thus, defeat the interest of remaindermen. *Hall v. Hall,* 604 S.W.2d 851, 855 (Tenn.1980); *Hobbs v. Wilson,* 614 S.W.2d 328, 330 (Tenn. 1980). If the power of disposition is not exercised by the life tenant and if the property is not sold for debts during the continuance of the life estate, the property will pass to the remainder beneficiaries upon the death of the life tenant. *Redman v. Evans,* 184 Tenn. 404, 199 S.W.2d 115, 116–17 (1947). This Court, in *Hobbs, supra,* summarized these principles of law as follows:

Under the common law of this state, a devise of a life estate coupled with an absolute power of disposition created a fee simple estate in the [life tenant] which effectively defeated the rights of a remainderman, whether the power of disposition was exercised or not. (Citations omitted). The application of this rule of law often defeated the basic intent of the testator that the remainderman share in that part of the estate not disposed of by the life tenant (Citation omitted). To correct this situation, the legislature passed T.C.A. § [66–1–106] ....

The effect of this statute is to convert a life estate in real property, coupled with the full power to dispose of the property, into a fee simple absolute as to the right of disposition, while saving the rights of a remainderman in property when the power of disposition is not executed.

*Hobbs,* 614 S.W.2d at 330.

The determinative issue, therefore, is whether Ogle was expressly given an unlimited power of disposition. In making this determination, several cases are instructive. In *Redman v. Evans,* 184 Tenn. 404, 199 S.W.2d 115 (1947), the testatrix devised the residue of her estate to her nephew "to handle as he sees fit during his lifetime and the balance to go to his daughters...." *Redman,* 199 S.W.2d at 116. The Court found that this language was sufficient to give the life tenant, the nephew, the unlimited power of disposition. *Id.* at 117–19. Similarly, in *Jones v. Jones,* 225 Tenn. 12, 462 S.W.2d 872 (1971), the testator devised all of his property to his wife "to do as she sees fit during her life." As in *Redman,* the Court in *Jones* found that the wife, as the life tenant, had the right to convey the property in fee simple absolute because the phrase " 'to do with as she sees fit' meant just that and when she 'saw fit' to sell ... she was carrying out the wishes of the testator and was abiding by the provisions of the will." *Jones,* 462 S.W.2d at 874. *See also Miller v. Gratz,* 3 Tenn.App. 498, 507 (Tenn.App.1926) (observing that a life tenant obtains the unqualified right to dispose of property by the use of phrases such as "to do with at pleasure", "to do with at discretion", or "to use and enjoy at pleasure"). Likewise, in *Hobbs v. Wilson, supra,* the testator devised real property to his wife "for life and, having full confidence in her judgment and discretion, I authorize her to use so much of the corpus thereof as she shall find necessary for comfort and maintenance, she being the sole judge of her needs ... and at her death, whatever remains indisposed of, if any, I will and devise the same in fee simple to my twelve nieces and nephews...." This language was also found to have expressly granted the wife the unlimited power to dispose of the property in fee simple. *Hobbs,* 614 S.W.2d at 330. Finally,

in *Skovron v. Third National Bank in Nashville,* 509 S.W.2d 497 (Tenn.App.1973), the testator devised his property to his wife "to have and to hold for and during the full term of her natural life, with right to use and employ, all of said property ... for her use and benefit ... and upon her death, such of said property as may remain, shall go to and become the property of my brother...." *Skovron,* 509 S.W.2d at 499. The Court of Appeals in *Skovron* found that this language evidenced an intent by the testator to give his widow a life estate only. *Id.* at 507–508.

After reviewing the foregoing case law, the trial court in the present case found as follows:

> The Court is persuaded in this case that the testator has not complied with the provisions of the statute, such as to grant to the widow the power of disposition.... [T]he Court is constrained to find that the testator did not expressly give the power of disposition to the widow. This is distinguished from those cases that the Court has been referred to and the Court read, wherein there are other wordings, such as, that she may do with it as she sees fit or words to that effect. We don't have that here. * * * And the statute says, that this power must be given expressly. The Court must find and does find that this power of disposition is not expressly given by this provision of the will.

█ This Court is in agreement with the conclusion reached by the trial court. The testator devised the property to his wife "for her lifetime and at her death the remainder, if any at that time, to be divided equally" among his children. This language does not give the widow the unlimited power of disposition, qualified or unqualified. T.C.A. § 66–1–106 requires that the power of disposition be "expressly given." The most expansive meaning that can be given the words "if any at that time" falls far short of an expressed grant required by the statute. The testator devised a life estate to his widow and a vested remainder to his named children. Therefore, Ogle did not have the power to convey a fee simple estate in the property in question.

The judgment of the Court of Appeals is reversed and that of the trial court reinstated.

Costs are assessed against plaintiffs.

O'BRIEN, ANDERSON and BIRCH, JJ., concur.

DROWOTA, J., dissents.

DROWOTA, Justice, dissenting.

I respectfully dissent based on my belief that the majority have departed from previous decisions of this Court and have misconstrued the residuary clause of General Ogle's last will and testament.

The statute that is involved in this case, T.C.A. § 66–1–106, was enacted in 1932. Prior to the enactment of this statute, Tennessee followed the common law rule that a devise of a life estate, together with an absolute power of disposition, created a fee simple estate for the named life tenant, which effectively defeated the rights of any named remaindermen, whether the power of disposition was exercised or not. The effect of the passage in 1932 of the statute that is now codified as T.C.A. § 66–1–106 was explained by the Supreme Court in *Hobbs v. Wilson,* 614 S.W.2d 328 (Tenn.1981), as follows:

> "The effect of this statute is to convert a life estate in real property, coupled with full power to dispose of the property, into 'a fee absolute as to the right of disposition,' while saving the rights of a remainderman in property when the power of disposition is not executed." (Citations omitted.) 614 S.W.2d 328, at 330.

The testamentary provision that we are called on to interpret in this case is as follows:

> "I hereby leave, bequeath and devise the remainder of my estate, including real property and personal or mixed property, to my wife, Loretta Sutton Ogle, for her lifetime and at her death *the remainder, if any* at that time, to be divided among my three (3) children, Bobby Ogle, Bonnie Ogle Reagan, and Betty Jo Ogle. Said children to share and share alike." (Emphasis added.)

In *Redman v. Evans,* 184 Tenn. 404, 199 S.W.2d 115 (1947), this Court, in an opinion that was written fifteen years following the enactment of the precursor of T.C.A. § 66–1–106, dealt with a testamentary provision that was similar to the one involved in this case. The provision before the Court in *Redman v. Evans* was as follows:

"The residue of my estate, including my home and furnishings, to go to my nephew, Fred Watkins Evans, to handle as he sees fit during his lifetime; and the balance to go to his two daughters, Ann and Frances Evans." 199 S.W.2d 115, 116.

The Supreme Court in *Redman v. Evans* thought that the most important indication of the testator's intent was her use of the term "balance," which term the Court found to be the functional equivalent of the term "remainder," which is the term involved in this case. The Supreme Court in *Redman* found that the provision in the will was sufficient to give the life tenant the unlimited power of disposition. *Id.* at 117–119. Our discussion in *Redman* included the following:

"Perhaps the most significant expression on the face of this will supporting the view that it was intended that the life tenant might encroach upon the corpus is the reference following the provision authorizing Evans to handle, or use, this property 'as he sees fit,' to 'the balance.' It is impossible to avoid the deduction that Mrs. Jackson had in mind that in his handling or use of the estate a part of the principal or corpus would or might be consumed by him, thus leaving a 'balance.' It is as thought she had said to this favorite nephew, 'take all that remains of my estate, after payment of my debts and the legacies I have specified, and do with it as you see fit; the balance remaining when you die I want to go to your daughters.' The Century Dictionary defines 'balance' as 'A surplus; a remainder; the rest; the residue; what remains or is left over; as, he bequeathed the *balance* of his estate to A.B.; the balance of a meal.'

In more than one case this Court has recognized the significance of the use of the term 'balance' or its equivalent, 'remaining.' In *Downing, Executor, v. John-*

*son,* 45 Tenn. 229, it was 'balance' that was held to imply a power to encroach on the corpus; and in *Eaton v. Nashville Trust Company,* 145 Tenn. 575, at page 581, 238 S.W. 865, at page 866, Green, J., says: 'The gift over of the "remaining balance" also *forces the implication* that George M. Spotswood was to have an unlimited power of disposition when the money came into his hands.' (Italics inserted.) *Meacham v. Graham,* 98 Tenn. 190, 200, 39 S.W. 12, and *Bradley v. Carnes,* 94 Tenn. 27, 27 S.W. 1007, 45 Am.St.Rep. 696, are cited.

Under the sub-heading 'Implied power to sell,' many cases are annotated in 2 A.L.R. 1310, 27 A.L.R. 1387, and 69 A.L.R. 835, construing the phrase, following a devise of a life estate, for the use of the life tenant, with a limitation over of 'what remains,' or 'the remainder,' as implying a power of disposition, and as indicating a purpose to vest in the remaindermen what is left only. We are unable to make any material distinction between the phrases 'the remainder' or 'what remains' and 'the balance.' Both alike clearly imply a power conferred to encroach upon the corpus. It is only the balance, that is, what remains of the estate, that the testator passes by the will to the remainderman. For example, in *Young v. Hillier,* 103 Me. 17, 67 A. 571, where the will gave to the wife all the testator's estate 'for her use during life' and at her death 'whatever may remain of said estates' to a daughter, it was held that the use given the wife extended to a sale of the real as well as the personal property as, otherwise, there was no practical significance in the use of the word 'remain' in this connection. So here, the use of the phrase 'the balance' is meaningless, unless it connotes what is left after the life tenant has handled or used the estate during his lifetime 'as he sees fit.' Illustrations might be multiplied indefinitely." 199 S.W.2d 115, at 188.

General Ogle's use of the phrase "if any" following his reference to "the remainder" makes the deduction that he foresaw that his surviving wife might dispose of some or all of the property comprising his residuary estate

even more compelling than this Court's deduction in *Redman*.

In the case of *Hobbs v. Wilson, supra*, the testamentary provision was as follows:

"I hereby will and devise unto my said wife, Mrs. Erma Wilson McAuley, all of the remainder of my real estate for life and, having full confidence in her judgment and discretion, I authorize her to use so much of the corpus thereof as she shall find necessary for her comfort and maintenance, she being the sole judge of her needs, ... and at her death, whatever remains undisposed of, if any, I will and devise the same in fee simple to my twelve nieces and nephews as equal tenants in common, ... [the remaindermen then are named]."

This Court concluded that the foregoing provision gave Mrs. McAuley an unlimited power of disposition and changed her life estate into a fee simple with power of disposition. We went on to hold that it placed in her the power to terminate the interest of the remaindermen by executing the power of disposition in her lifetime.

In *Hobbs*, Mrs. McAuley did sell the real property. The remaindermen argued that a conveyance by a life tenant with power to dispose of property does not cut off their interest but that their interests are merely transferred to the proceeds of the sale. This Court held that if the remaindermen were to take any estate, they must come within the saving provisions of T.C.A. § 66–1–106. The statute saves the remainder interest "in the event and so far as the power is not executed or the property sold ... during the continuance of the particular estate." *Id.* at 330.

Mrs. Ogle executed her power of disposition by selling the real property, which terminated the remainder interest of the defendants.

I believe that the majority's decision represents an incorrect interpretation of the testator's will and is inconsistent with other decisions of this Court rendered after 1932. See, *e.g. Jones v. Jones*, 225 Tenn. 12, 462 S.W.2d 872 (1971).

I would affirm the judgment of the Court of Appeals.