**John Robert HARRELL, et al.**

**v.**

**Elizabeth Barton HARRELL, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

December 7, 2009 Session.

Jan. 27, 2010.

Permission to Appeal Denied by Supreme Court Aug. 25, 2010.

Douglas T. Jenkins, Rogersville, Tennessee, for the appellants, John Robert Harrell, Mildred Harrell, John Harvey Harrell, and Donald Harrell and wife, Debbie Harrell, individually and as parents and next friends of Heather Harrell.

C. Christopher Raines, Jr., Mt. Carmel, Tennessee, for the appellee, Roma Harrell.

## OPINION

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. McCLARTY, J., joined.

H.C. Harrell died testate in 1954; he was survived by his wife and three sons, Henry Clay Harrell, James Milton Harrell and John Robert Harrell. His will, prepared by his banker, made provision for his wife and just debts, and left his 152 acre farm to sons James and John[1] "only so long as each shall live." The will further provides: "At the death of James Milton Harrell his share of the farm shall become the property of his children. At the death of John Robert Harrell his share of the farm shall become the property of his children." James and John divided the farm by partition deeds in 1975. Henry Clay Harrell died in 1990 without issue, survived only by his wife, Roma Harrell. When James Harrell died in 2007 without issue, survived only by his wife Elizabeth Barton Harrell, John Harrell[2] brought this action against James' widow seeking a declaration that at James' death, his inter-

est in the farm reverted to John. Alternatively, John asked that the court hold that the partition deeds converted each brother's interest in the farm to a fee simple interest. Roma Harrell, by order filed July 15, 2008, appeared and agreed to be bound by the court's disposition of any interest she had in the subject property, but declined to participate in the proceedings. The case was tried on stipulated facts. The trial court held that the will created a "contingent remainder ... in favor of the 'children' of James Milton Harrell [which] failed, and the possibility of reverter passed to John Robert Harrell, James Milton Harrell, and Henry Clay Harrell, Jr. at the death of H.C. Harrell, Sr." John appeals. We affirm.

### I.

The trial court filed a memorandum opinion which concisely and accurately sets out the facts and procedural history, as follows:

The Plaintiffs ... filed [this] action ... on October 16, 2007. The Defendant [Elizabeth] Harrell ... filed an answer to the complaint on January 30, 2008.... Ms. Roma Harrell was determined to be an indispensable party to this declaratory judgment action.

The parties ... have requested that this Court address certain questions of law relative to will construction. By Agreed Order entered July 15, 2008, Ms. Roma Harrell, by counsel, has chosen not to participate in these proceedings. Briefs have been filed and the parties have not requested an additional hearing or oral arguments. Having considered the pleadings and technical record, this

---

1. For ease of reference, we will sometimes refer to the sons by their first names. No disrespect is intended.

2. John's wife, sons, and their spouses and children were named as additional plaintiffs

and appellants, but since John is the primary beneficiary through which all plaintiffs claim, we will refer only to John for simplicity and brevity.

Court makes the following findings and conclusions of law.

\*     \*     \*

Certain relevant facts are undisputed. On September 20, 1954, Mr. H.C. Harrell executed his last will and testament. Mr. Harrell died a citizen and resident of Hawkins County, Tennessee, on December 27, 1954. His last will and testament was admitted to probate on January 15, 1955 and recorded in the County Court Clerk's office of Hawkins County, Tennessee, in Will book 5, page 44.

At the time of the death of Mr. Harrell, his heirs at law included his wife, Grace Elkins Harrell, and three children, Henry C. Harrell, James Milton Harrell and John Robert Harrell. Grace Elkins Harrell died on April 6, 1972. Mr. Henry C. Harrell died on May 17, 1990 without issue and survived by his wife, Defendant Roma Harrell. Mr. James Milton Harrell died on September 14, 2007 without issue and survived by his wife, Defendant Elizabeth Harrell. Plaintiff John Robert Harrell is married to Mildred Harrell. They are the parents of Plaintiffs Donald Harrell and John Harvey Harrell. [Donald Harrell is married to Plaintiff Debbie Harrell and they are the parents of Heather Harrell.]

By partition deed dated December 15, 1975, Mr. John R. Harrell conveyed to James Milton Harrell all of his right, title and interest in certain real property.... By separate partition deed dated December 15, 1975, Mr. James Milton Harrell and John R. Harrell conveyed to John R. Harrell and wife, Mildred M. Harrell, all of their right, title and interest in certain real property.... At issue is the ownership of that parcel conveyed to James Milton Harrell....

\*     \*     \*

The parties stipulate that the will of Mr. H.C. Harrell was drafted by a non-lawyer, Mr. W. Phipps Britton. .... The relevant provisions of the last will and testament of Mr. H.C. Harrell are contained in Paragraph Second as follows:

SECOND, After the payment of such debts and funeral expenses, I give, devise and bequeath to my two sons, James Milton Harrell and John Robert Harrell, my farm of one hundred and fifty two (152) acres, located in Carter's Valley, in the 7th Civil District of Hawkins County, Tennessee, known as the Milton Harrell farm. If these two boys desire a division of the farm, then, such division shall be made by the two brothers as they see fit. However, the division shall be made in such manner that the dwelling, in which we now live, shall be the property of James Milton Harrell. *This property shall remain the property of James Milton Harrell and John Robert Harrell, as their interests are stated herein, only so long as each shall live. At the death of James Milton Harrell his share of the farm shall become the property of his children. At the death of John Robert Harrell his share of the farm shall become the property of his children.* But, as a condition of this bequest, it is my order that James Milton Harrell and John Robert Harrell each shall pay to Henry C. Harrell the sum of Twenty Five Hundred ($2500.00) Dollars, making a total of Five Thousand ($5000.00) Dollars. Any part of all of this indebtedness may be paid at any time after my death, but no part of the said sum shall be considered due and payable until twelve (12) months after the death of both myself and my wife, Grace Harrell, or until twelve (12) months after the said Grace Harrell shall cease to be my unremarried widow. (sic)

The will contains no residuary clause. With Mr. James Milton Harrell having died without children and survived by his spouse, the primary focus is upon the testator's intention in the event of this factual circumstance.

\*      \*      \*

In the case at bar, the "children" of James Milton Harrell constituted a potential class holding a contingent remainder. In the absence of any "children" existing in the class, the remainder interests failed. Further, no residuary clause exists. If a will contains no residuary clause, it makes no disposition of personal property of the estate other than that which is specifically bequeathed so that the property not specifically bequeathed passes as if the deceased has died intestate, *In re: Estate of Jackson,* 793 S.W.2d 259 ( [Tenn.Ct.App.] 1990).

Based upon the foregoing analysis, this Court concludes that the contingent remainder created in favor of the "children" of James Milton Harrell established a distinct possibility that such would fail for lack of any class members in which to vest. The estate which would have descended to the children of James Milton Harrell instead reverted to the testator and must descend under the law of intestate succession through the estate of H.C. Harrell. The subsequent partition deeds were of no consequence as partition "does not create or confer on the parties thereto any new, different or additional title or enlarge or diminish the estate", *Manhattan Savings Bank v. Bedford* [161 Tenn. 187], 30 S.W.2d 227 ( [Tenn.] 1930).

(Emphasis and bracketed material added; [sic] and capitalization in original).

The trial court made and filed supplemental findings of fact and conclusions of law, most of which dealt with items of personalty, and none of which altered its opinion as to ownership of the farm. The court entered judgment on December 3, 2008, reciting that "[t]he contingent remainder created in favor of the 'children' of James Milton Harrell failed, and the possibility of reverter passed to John Robert Harrell, James Milton Harrell and Henry Clay Harrell, Jr. at the death of H.C. Harrell, Sr." John filed a notice of appeal with respect to the trial court's judgment. He subsequently reached a mediated settlement with James' widow, Elizabeth. The trial court purported to dispose of the case as to Elizabeth by order entered January 22, 2009, approving the settlement. Roma Harrell briefed and argued the issues raised on appeal.

## II.

John Harrell raises the following issues: Whether the "Class Gift Doctrine" applies to vest the remainder in the James Milton Harrell property in [the children of John Robert Harrell,] Donald Harrell and John Harvey Harrell, subject to John Robert Harrell's life estate.

Whether T.C.A. [§ ] 66–1–106 converts the subject devise to a fee simple devise upon execution of the Partition Deeds in this matter.

## III.

■ This case is before us on stipulated facts and exhibits. "When this Court is called upon to construe a will, and there is no dispute in the evidence as to any material fact, then the question on appeal is one of law. Accordingly, our review is de novo with no presumption of correctness accompanying the lower courts' conclusions of law." *In re Estate of McFarland,* 167 S.W.3d 299, 302 (Tenn.2005) (citations omitted).

■ The cardinal rule in construing a will is to ascertain the intent of the testator from the scope and tenor of the entire will. *In re Estate of Vincent,* 98 S.W.3d

146, 150 (Tenn.2003). The intent is to be ascertained from what the testator has written and not something he or she is believed to have had in his or her mind. *In re Estate of Meade*, 156 S.W.3d 841, 844 (Tenn.Ct.App.2004). Certain auxiliary rules have been created as aids to determining the intent of the testator, and are always subject to the limitation, "unless a contrary intention appear from the will." *Eckhardt v. Phillips*, 176 Tenn. 34, 137 S.W.2d 301, 304 (1940).

## IV.

Before addressing the issues briefed by the parties, we think it appropriate to address sua sponte whether we have jurisdiction in light of the purported dismissal as to Elizabeth Harrell and the prosecution of the appeal against Roma Harrell. *See Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn.Ct.App.1991) (acknowledging an appellate court's prerogative to raise the issue of jurisdiction sua sponte). As we have previously noted, the parties are entirely in agreement that this appeal is pursued only against Roma, and Roma has briefed the issues and participated in oral argument. We are unwilling, however, to assume, as the parties do, that substance will triumph over form, and that everything will work out. In this case, however, we are able under the Tennessee Rules of Appellate Procedure to treat Roma Harrell as the participating appellee and reach the substantive issues in the case.

■ On December 18, 2008, John Harrell filed notice that he was appealing the judgment filed "12–3–08." He specifically listed "Elizabeth Barton Harrell" as an appellee but did not list Roma Harrell as an appellee. Upon the filing of the notice of appeal and the docketing of the case, Roma Harrell acquired the right to present to this Court "any question of law" that she saw fit without the need of filing a separate notice of appeal. Tenn. R.App. P. 13(a). The order of dismissal as to Elizabeth filed in the trial court after this court acquired jurisdiction of the case was ineffective. With certain exceptions, trial courts lose jurisdiction to consider motions made after the notice of appeal has been filed. *Holladay v. Speed*, 208 S.W.3d 408, 414 n. 3 (Tenn.Ct.App.2005). Further, even if the settlement was intended to effect a dismissal of the appeal as to Elizabeth, it was not handled in accordance with Tenn. R.App. P. 15, which, in conjunction with Tenn. R.App. P. 13(a), gives any remaining parties the right to prosecute an appeal to completion. The result of these observations is that we will allow the trial court to give effect to the settlement with Elizabeth on remand, but we will dispose of any issues between John Harrell and Roma Harrell.

■ John's primary argument is "that the Will of H.C. Harrell shows the dominant intent and purpose of the testator ... was for the children of James Milton Harrell and John Robert Harrell to inherit the farm creating a 'class gift' in the grandchildren of H.C. Harrell." He attempts to tie this argument to the Class Gift Statute codified at Tenn.Code Ann. § 32–3–104 (2007)[3] to reach the conclusion that "the

---

**3.** The statute states as follows:

Where a bequest, devise, conveyance, transfer or gift is made to a class of persons subject to fluctuation by increase or diminution of its number in consequence of future births or deaths, and the time of payment, distribution, vestiture or enjoyment is fixed at a subsequent period or on the happening of a future event, and any

member of the class dies before the arrival of that period or the happening of that event, and has issue surviving when the period arrives or the event happens, that issue shall take the share of the property that the member so dying would take if living, unless a clear intention to the contrary is manifested by the will, deed or other instrument.

sons of John Robert Harrell—John Harvey Harrell and Donald Harrell—own the entire farm subject to the life estate of their father, John Robert Harrell." Even if John is correct that the class is in the grandchildren, the Class Gift Statute would have no application to this case because no class member has died leaving issue. As interpreted in *Rutherford County v. Wilson*, 121 S.W.3d 591, 596 (Tenn. 2003), the goal of the statute is to make an otherwise contingent remainder interest in a class member vest and pass to his or her issue. An essential element of the statute is that "a member of the class must die before the time for distribution and must have issue living at the time for distribution." *Id.*

■ Even though we have concluded that the Class Gift Statute has no application to this case, that does not mean that the gift is this case was not a class gift. "A class gift is a gift to a group of persons who are not named, who have one or more characteristics in common, and whose number may vary." *Id.* at 595. The question then is whether the gift is to a class, and, if so, what is the class. We agree with Roma that nowhere in the will is there a reference to "grandchildren" as a single class of beneficiaries. The description in the will is in terms of the children of each son, James and John. We also agree with Roma that the clear and express language of the will, once the boys divided the farm, creates two shares or classes, one in the children of James and one in the children of John.

■ We do not in any manner disregard or disagree with the general rules of construction argued by John. It is true that there is a general presumption in the law that a testator intends to dispose of all of his or her assets and not die partially intestate. *Ledbetter v. Ledbetter*, 188 Tenn. 44, 216 S.W.2d 718, 720 (1949). It is also true that wills written by non-lawyers

will be construed liberally to effectuate the testator's intent. *See Davis v. Anthony*, 53 Tenn.App. 495, 384 S.W.2d 60, 62 (1964). Finally, we acknowledge that there is a strong preference in the law for remainders to be treated as vested rather than contingent. *See Rutherford County*, 121 S.W.3d at 595. However, as we have previously observed, these general or auxiliary rules must give way to intention of the testator as expressed in the language of the will. *Eckhardt*, 137 S.W.2d at 304. We hold that the language of the will at issue shows a clear intent that each son is to have a life estate followed by a class gift to his children of his share of the farm.

■ The key question thus becomes what happens to the estate the testator attempted to create in the children of James when James died without issue. Roma refers us to two cases that answer the question. The first is *Manhattan Savings Bank & Trust Co. v. Bedford*, 161 Tenn. 187, 30 S.W.2d 227 (1930). The will of Virginia Bedford provided the following with regard to her 376 acre farm:

> That Julian T. Bedford shall have the West half for life and at his death the remainder shall go to the heirs of his body; that William H. Bedford shall have the East half for life and the remainder shall go to the heirs of his body.

*Id.* at 228. Julian and William were Virginia's sons. The will did not address what happened if either son died without issue. William died before Virginia leaving two sons. At Virginia's death, one of the son's creditors filed an action to claim the assets he would inherit. *Id.* at 227. This forced an interpretation of Virginia's will. Our Supreme Court treated the interest in Julian as a life estate with a contingent remainder in his issue which, upon failing, results in an estate in reversion in the testatrix. *Id.* at 230–31.

The other case relied on by Roma is *Fehringer v. Fehringer*, 222 Tenn. 585, 439 S.W.2d 258 (1969). Mr. Fehringer's will left a life estate in his farm to his two sons, and at either son's death, his interest was devised to the "heirs of his body." Son Louis died without children. *Id.* at 259. The Supreme Court held that the remainder left to the "heirs of [Louis'] body" failed and reverted to the estate of the testator to pass under a residuary clause in the will. *Id.* at 261–62.

We are persuaded that the present case is controlled by *Bedford* and *Fehringer*. The class gift to the children of James failed at his death without issue. The contingent estate then reverted to the estate of the testator. *Fehringer*, 439 S.W.2d at 262. Since there is no residuary clause in H.C. Harrell's will, the reversionary interest passes by the law of intestate succession. *In re Estate of Jackson*, 793 S.W.2d 259, 260 (Tenn.Ct.App.1990). Roma Harrell, as the sole beneficiary of Henry Clay Harrell's will, inherits the part of the farm that would have passed to her husband.

■■■ John argues, alternatively, that the power to divide the farm given to John and James in the will is an unlimited power of disposition which changes the life estate of each to a fee, leaving Roma with nothing. John relies on Tenn.Code Ann. § 66–1–106 (2004) for this transformation. The pertinent part of the statute is as follows:

> When the unlimited power of disposition, qualified or unqualified, not accompanied by any trust, is given expressly, in any written instrument, to the owner of any particular estate for life or years, legal or equitable, such estate is changed into a fee absolute as to right of disposition. . . .

The problem with John's argument is that partition deeds do "not create or confer on the parties thereto any new, different or additional title or enlarge or diminish the estate." *Manhattan Savings*, 30 S.W.2d at 230. Thus, in *Manhattan Savings*, the Court held that beneficiaries who partitioned a farm that they held as co-tenants did not, by the partition, bestow on themselves a greater estate than they really held under the will. All they had the power to do was disclaim their interest in the other beneficiaries' share. *Id.* The determinative question is not whether a life tenant is given power to work a deal with a cotenant, but whether the life tenant is given an unlimited power of disposition. *Ogle v. Ogle*, 880 S.W.2d 668, 669 (Tenn.1994). The cases finding an unlimited power of disposition all involve language expressing a clear intent that the life tenant have clear and unfettered discretion to use the life estate to the point of using it up or selling it, without regard to whether anything is left for the remaindermen. *Id.* (gathering and discussing cases). Thus, the devise in Ogle of a life estate to the wife "for her lifetime and at her death the remainder, if any at that time, to be divided equally" among the testator's children, fell "far short" of the requirements of the statute. *Id.* at 670. The language in H.C. Harrell's will is even less liberal with the life-tenants. We therefore hold that Tenn.Code Ann. § 66–1–106 does not transform the life estates into fee estates.

## V.

The judgment of the trial court is affirmed. However, since the trial court was without jurisdiction to enter a post-judgment order disposing of the case against Elizabeth Harrell, that is a matter that will need to be addressed on remand. Costs on appeal are taxed to the appellants, John Robert Harrell, Mildred Harrell, John Harvey Harrell, Donald Harrell, Debbie Harrell, and Heather Harrell.

This case is remanded, pursuant to applicable law, for such other proceedings as are necessary, including entry of an order giving effect to the settlement with Elizabeth, and collection of costs assessed below.