

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 21, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:30 P.M.

| | |
|---|---|
| William Edward Smith, Jr. | ) Docket No. 2015-08-0075 |
| | ) |
| v. | ) |
| | ) State File No. 79822-2014 |
| The Newman Group, LLC | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Lisa June Cox | | | | | X | lisacox@tennesseeinjurylaw.com |
| Hailey H. David | | | | | X | davidh@waldrophall.com |
| Jim Umsted | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 21, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:30 P.M.

| | | |
|---|---|---|
| William Edward Smith, Jr. | ) | Docket No.  2015-08-0075 |
| | ) | |
| v. | ) | |
| | ) | State File No.  79822-2014 |
| The Newman Group, LLC | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Jim Umsted, Judge | ) | |

---

## Affirmed and Remanded – September 21, 2015

---

In this interlocutory appeal, the employee alleges that he sustained injuries due to a fall at work.  Following the issuance of a Dispute Certification Notice, the employee filed a Request for Expedited Hearing without a supporting affidavit.  Thereafter, and more than sixty days after the Dispute Certification Notice was issued, the employee filed a second Request for Expedited Hearing with supporting affidavits.  In response to the employer's motion to dismiss, the trial court conducted a show cause hearing and dismissed the first Request for Expedited Hearing, but did not dismiss the second Request for Expedited Hearing.  The employer appealed, asserting that the employee's case should have been dismissed.  Having carefully reviewed the record, we affirm the interlocutory order of the trial court and remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge David F. Hensley joined.  Presiding Judge Marshall L. Davidson, III, dissented.

Hailey H. David, Jackson, Tennessee, for the employer-appellant, The Newman Group, LLC

Lisa June Cox, Jackson, Tennessee, for the employee-appellee, William Edward Smith, Jr.

**Factual and Procedural Background**

The employee, William Edward Smith, Jr. ("Employee"), is a fifty-six-year-old resident of Lauderdale County, Tennessee. He was employed by The Newman Group, LLC ("Employer") as a laborer and welder. Employee alleges that on September 26, 2014, he fell from an elevated handrail and sustained multiple injuries. Employer provided a panel of physicians and Employee received certain medical treatment.

On March 27, 2015, Employee filed a Petition for Benefit Determination, seeking temporary disability benefits and additional medical benefits. Following unsuccessful mediation efforts, a Dispute Certification Notice ("DCN") was issued on or about May 9, 2014.[1] Employee's first Request for Expedited Hearing ("REH") was filed on June 30, 2015, which was fifty-two days after the issuance of the DCN. Instead of delivering this REH to the court clerk for filing, Employee's counsel incorrectly forwarded it to the mediator. Administrative staff in the mediator's office then forwarded it to the court clerk, who filed it. This first REH was not accompanied by an affidavit as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2014).

In response to the first REH, Employer filed a Motion to Dismiss on July 7, 2015, arguing that the first REH was not properly filed and that it failed to include the required affidavit. Thereafter, Employee filed a second REH on July 20, 2015, which was seventy-two days after the issuance of the DCN. This REH was accompanied by affidavits and other documents.

The trial court conducted a hearing on August 12, 2015 to address Employer's Motion to Dismiss.[2] According to the trial court's order, both parties agreed that the hearing "shall also serve as a show cause hearing" pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.12(1) (2014). Following the hearing, the trial court entered an order dismissing Employee's first REH based on improper filing and failure to include an affidavit. The trial court declined to dismiss the second REH, noting that Employee "wishes to continue with this action to obtain additional benefits." The trial court concluded that Employee "corrected any defects in his initial REH by filing the second identical REH with supporting affidavits. [Employee] has submitted information showing that he intends to prosecute his claim for benefits and has shown sufficient cause that his case should not be dismissed." Employer timely filed a Notice of Appeal and the record was forwarded to the Clerk of the Workers' Compensation Appeals Board on September 10, 2015.

---

[1] The DCN bears three dates. It was signed by the mediator on May 8, 2015, forwarded to the parties on May 9, 2015, and filed with the court clerk on May 11, 2015.

[2] Neither party provided a transcript of this hearing.

## Standard of Review

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of any party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3) (2015), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

The crux of Employer's argument hinges on the definition of the term "show cause" within the context of Rule 0800-02-21-.12(a) of the Bureau of Workers' Compensation's Mediation and Hearing Procedures. That rule provides:

Immediately after a dispute certification notice has been filed with the clerk, either party seeking further resolution of any disputed issues shall file a request for hearing with the clerk on a form approved by the [Bureau] and serve a copy of the request on the opposing party or their counsel, if any. *If no request for hearing is filed within sixty (60) calendar days after the date of issuance of the dispute certification notice, the clerk shall docket the case and place the case on a separate dismissal calendar for a show cause*

3

*hearing. . . .* Either party may appear to show cause as to why the case should not be dismissed.

Tenn. Comp. R & Regs 0800-02-21-.12(1) (2015) (emphasis added). The rules governing Mediation and Hearing Procedures do not define the term "show cause."

In *State, Williamson County District Attorney General v. Hartley*, no number in original, 1989 Tenn. App. LEXIS 327 (Tenn. Ct. App. May 5, 1989), the Tennessee Court of Appeals addressed the meaning of the term "show cause:"

> "Show Cause" is defined by <u>Black's Law Dictionary</u>, Fourth Edition, as follows:
>
>> *Show Cause.* Against a rule . . ., an order, decree, execution, etc., is to appear as directed, and present to the Court such reasons and considerations as one has to offer why it should not be confirmed, take effect, be executed or as the case may be.

*Id.* at *10-11 (emphasis in original). Pursuant to this definition, a trial court can hear "such reasons and considerations" as a party may wish to offer in deciding whether or not to take some action as has been requested. Other Tennessee courts have acknowledged a trial court's "broad discretion" with respect to show cause hearings in other contexts. *See, e.g., Sheucraft v. Roberts*, No. M1999-01645-COA-R3-CV, 2000 Tenn. App. LEXIS 808, at *25 (Tenn. Ct. App. Dec. 13, 2000) (trial court's action in granting a restraining order after a show cause hearing was "within the trial court's broad discretion").

In *Johnson v. Wal-Mart Associates, Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. July 2, 2015), the employee did not file a Request for Hearing within sixty days of the issuance of the Dispute Certification Notice. *Id.* at *6. Once the Request for Expedited Hearing was filed, Employer filed a motion to dismiss. *Id.* at *9. On appeal, we affirmed the trial court's denial of the motion to dismiss, noting that, "a show cause hearing is held so that the trial court can determine if the parties intend to take further action in the case." *Id.* at *10. We then concluded that "the trial court set and conducted a show cause hearing and then directed Employee to file a Request for Expedited Hearing, which she did." *Id.*

Employer argues that the present case is distinguishable from the *Johnson* case, since Employer has acknowledged Employee's right to appear at a show cause hearing and offer reasons as to why the case should not be dismissed. Employer instead asserts that the mere expression of an employee's intent to proceed is insufficient cause to avoid a dismissal. However, nothing in the statue or rules defines sufficient "cause" in this context. In our view, a trial court should have discretion to determine what constitutes

4

sufficient cause in any given case to avoid a dismissal for failure to file a Request for Hearing within sixty days of the issuance of a DCN.

As the Tennessee Supreme Court's Special Workers' Compensation Panel explained in *Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411 (Tenn. Workers' Comp. App. Panel June 20, 2012), "trial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases." *Id.* at *3, n.2. While we are mindful of the general assembly's emphasis on efficiency and timeliness in the 2013 Workers' Compensation Reform Act, we conclude that allowing a trial court to exercise discretion in controlling the pace of litigation and in efficiently disposing of its cases does not run afoul of these objectives. We cannot conclude that the trial court abused its discretion in this case.

The interpretation of the term "show cause" as sought by Employer in this case would lead to workers' compensation claims routinely being dismissed without consideration of the merits of the claim. Tennessee courts have long expressed a preference for deciding cases on the merits. The Tennessee Supreme Court addressed this preference as follows:

> A dismissal for failure to prosecute is analogous to a default judgment. When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits. When a plaintiff fails to prosecute the case, the defendant may receive a judgment of dismissal without a hearing on the merits. *Both dismissals and default judgments are drastic sanctions.* [Citations omitted.] Neither dismissals nor default judgments are favored by the courts. [Citations omitted.] Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits. *See, e.g., Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (observing that "it is the general rule that courts are reluctant to give effect to rules of procedure . . . which prevent a litigant from having a claim adjudicated upon its merits"); *[Tenn. Dep't of Human Servs. v.] Barbee*, 689 S.W.2d [863,] [] 866 (stating that in the interests of justice, courts express a clear preference for a trial on the merits).

*Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (emphasis added).

The dissent argues that a dilatory party need only assert a preference to continue a case to avoid dismissal under the majority opinion. In our view, however, the party required to "show cause" has the burden to present sufficient explanation to convince the trial judge to allow the case to continue, leaving the determination of the sufficiency of

the explanation to the discretion of the trial judge. Such a decision can be disturbed on appeal only upon a showing that the trial court abused its discretion.

In the present case, the trial court's order states that Employee "has submitted information showing that he intends to prosecute his claim *and has shown sufficient cause that his case should not be dismissed.*" (Emphasis added.) Since we have been provided no transcript of the show cause hearing, we do not know the extent of what was considered by the trial court in reaching its decision. In such circumstances, we are to presume that the evidence supported the findings of the trial court. *See, e.g. Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("[w]ithout a transcript or a statement of the evidence, we cannot review the evidence"); *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). Thus, we are unable to conclude on the record before us that the trial court abused its discretion.

## Conclusion

The trial court acted within its discretion in denying Employer's Motion to Dismiss and leaving pending Employee's second Request for Expedited Hearing. We find that the trial court's order does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Therefore, we affirm the decision of the trial court and remand this case for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

6



| | | |
|---|---|---|
| William Edward Smith, Jr. | ) Docket No. 2015-08-0075 | **FILED** |
| | ) | **September 21, 2015** |
| v. | ) | |
| | ) State File No. 79822-2014 | TENNESSEE WORKERS' COMPENSATION APPEALS BOARD |
| The Newman Group, LLC | ) | **Time: 1:30 P.M.** |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Jim Umsted, Judge | ) | |

---

**Dissenting Opinion – Filed September 21, 2015**

---

Marshall L. Davidson, III, dissenting.

This case presents an important issue of first impression, namely, the meaning of "show cause" as used in Tenn. Comp. R. & Regs. 0800-02-21-.12(l) (2014). The majority holds that, despite the employee's failure to demonstrate any reason for his noncompliance with Tennessee Code Annotated section 50-6-239(a) and Rule 0800-02-21-12(1), the trial court acted within its discretion in denying the employer's motion to dismiss the case following a show cause hearing. I respectfully disagree.

I.

The workers' compensation system is to be administered in a "fair, equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). To that end, parties are expected to file a request for a hearing within sixty days of the mediator's issuance of the dispute certification notice. Tenn. Code Ann. § 50-6-239(a) (2014). When a party fails to do so, the case is placed "on a separate dismissal calendar for a show cause hearing." Tenn. Comp. R. & Regs. 0800-02-21-.12(1). At that hearing, "[e]ither party may appear to *show cause* as to why the case should not be dismissed." *Id.* (emphasis added).

1

The term "show cause" means "[t]o produce a satisfactory explanation or excuse." Black's Law Dictionary 1413 (8th ed. 2004). Thus, as applied in the present context, I would construe the phrase "show cause" in Rule 0800-02-21-.12(1) as requiring a reasonable explanation or excuse based on notions of equity, justice, excusable neglect, misconduct by the adverse party, or some other consideration that would justify the nonmoving party's failure to comply with the law. In other words, when faced with a motion to dismiss for failure to comply with section 50-6-239(a) and Rule 0800-02-21-.12(1), the nonmoving party should be required to show a legitimate justification to excuse the untimely filing of the request for a hearing. Absent a meaningful standard, the requirement to timely file a request for a hearing is reduced to no requirement at all, rendering section 50-6-239(a) and Rule 0800-02-21-.12(1), which are designed to promote the timely and efficient resolution of disputes, superfluous.

Here, the dispute certification notice was issued by the mediator on either May 8 or May 9, 2015,[1] and the initial, defective request for an expedited hearing was filed by the court clerk on June 30, 2015. Only upon being faced with the dismissal of his case did the employee file the required supporting affidavits. *See* Tenn. Comp. R. & Regs. 0800-02-21.14(1)(a) (2014). Moreover, it was not until July 20, 2015, again while the employer's motion to dismiss was pending, that the employee filed a request for an expedited hearing that complied with the law. At the show cause hearing, the only reason asserted by the employee for not complying with the unambiguous language of section 50-6-239(a) and Rule 0800-02-21-.12(1) was that he wanted to continue pursuing his claim to keep receiving benefits. In my view, this excuse is insufficient. Indeed, it is no excuse at all.[2]

## II.

Second, although the majority correctly notes that a trial court's decision to grant or deny a motion to dismiss should not be disturbed on appeal absent an abuse of discretion, unlike the majority I see nothing unfair with dismissing a case short of a determination on the merits if a party fails to abide by unambiguous statutory or regulatory requirements and then does not demonstrate a good reason for that failure. Here, the only reason asserted by the employee for his failure to comply with section 50-6-239(a) and Rule 0800-02-21-12(1) was that he wanted to continue pursuing his claim to

[1] The date May 8, 2015 appears beside the name of the mediator at the bottom of the first two pages of the dispute certification notice. However, May 9, 2015 appears on page three of the dispute certification notice under the heading "certification by mediator." The record contains no explanation for this discrepancy which, fortunately, does not affect the outcome of this case.

[2] The employee did not, as far as this record shows, assert at the show cause hearing that his erroneous sending of the request for a hearing to the mediator instead of to the court clerk, or whatever confusion that may have created, accounted for his failure to timely file a valid request for a hearing.

2

seek additional benefits. In my view, if no greater showing than that is necessary to withstand a motion to dismiss, the bar has been set much too low. The requirement to show cause why a party failed to follow the statutes and rules by which a court operates should mean more than merely showing up for a hearing.

To be clear, I am not advocating strict, inflexible adherence to the timing requirement at issue regardless of circumstances. Nor am I suggesting that timing or other procedural requirements be enforced as a means of merely trapping the unwary. But I am advocating that unambiguous requirements expressed in statutes and regulations be enforced unless the noncompliant party comes forward with a sound reason to do otherwise. Here, no such reason has been advanced. Indeed, the employee has presented no reason at all for his failure to comply with section 50-6-239(a) and Rule 0800-02-21-12(1).

### III.

Third, in my view, the majority opinion effectively provides safe harbor for parties who may not take the litigation process seriously, knowing that significant consequences are unlikely if they do not. Indeed, to avoid dismissal under the majority's opinion, a dilatory party faced with a motion to dismiss need only assert a preference that the case continue. I am unable to endorse such an untenable result which, I maintain, is inconsistent with the goals of administering the workers' compensation system in a "fair, equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A). As argued by the employer in this case, waiving the time for seeking a hearing absent a reasonable excuse for doing so "paves the way for parties to ignore the 60-day deadline because they know that they can save their case simply by appearing for the show cause hearing later."

Moreover, although the majority relies upon *Johnson v. Wal-Mart Assoc., Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. July 2, 2015), that case is inapposite. In *Johnson*, the issue was whether the untimely filing of a request for a hearing constituted a jurisdictional defect mandating dismissal of the case. *Johnson* did not address the issue presented in this case, i.e., the meaning of show cause as used in Rule 0800-02-21-12(1). Thus, in my view, *Johnson* does not and should not control the result here.

### IV.

Finally, the majority asserts that it is unknown what statements were considered by the trial court in reaching its decision because the record does not contain a transcript of the show cause hearing. However, the trial court's order itself recites the basis for the court's decision, i.e., the employee indicated at the show cause hearing that he "is currently receiving workers' compensation benefits and wishes to continue with this

3

action to obtain additional benefits," which the trial court deemed "sufficient cause that his case should not be dismissed."

In addition, the majority relies upon language in the trial court's order that employee "has submitted information that he intends to prosecute his claim and has shown sufficient cause that his case should not be dismissed." However, the sentence immediately preceding the one emphasized by the majority reflects that the employee filed a nondefective request for a hearing, albeit late. Thus, when the language relied upon by the majority is viewed in context, it is apparent that the trial court based its decision on the employee's desire that his case not be dismissed coupled with the fact that his untimely request for a hearing otherwise complied with the law. While it is true that the employee ultimately corrected the defects in his initial request for a hearing with his subsequent untimely filing, that belated attempt to comply with the law does nothing to explain why he failed to abide by the clear requirements of section 50-6-239(a) and Rule 0800-02-21-12(1) in the first place. The Tennessee Supreme Court has reminded parties in a different context that "compliance with [procedural rules] is not optional." *Ogle v. Ogle*, 880 S.W.2d 668, n.1 (Tenn. 1994). The same reminder seems appropriate here.

In short, I agree with the majority that trial courts have discretion to grant or deny a motion to dismiss in cases like this one. Unlike the majority, however, I believe that the trial court here abused its discretion in denying the employer's motion to dismiss given the employee's failure to present any justification, reasonable or otherwise, either in the trial court or on appeal, for his failure to abide by section 50-6-239(a) and Rule 0800-02-21-12(1). Thus, I would reverse the trial court's finding that the employee established sufficient cause for the untimely filing of a request for hearing and remand for entry of an order granting the employer's motion to dismiss the case.

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

4